United States Court of Appeals
Fifth Circuit

**F I L E D**

October 4, 2005

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-40440
Conference Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

GABRIEL LOREDO-PECINA,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:03-CR-976-ALL
--------------------

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before KING, Chief Judge, and DeMOSS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

     This court affirmed the conviction and sentence of Gabriel

Loredo-Pecina. United States v. Loredo-Pecina, No. 04-40440 (5th

Cir. Dec. 17, 2004) (unpublished). The Supreme Court vacated and

remanded for further consideration in light of United States v.

Booker, 125 S. Ct. 738 (2005). Vences v. United States, 125 S.

Ct. 1991 (2005). We requested and received supplemental letter

briefs addressing the impact of Booker.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Loredo argues that his sentence is unconstitutional because he was sentenced pursuant to the mandatory sentencing guidelines scheme found unconstitutional in Booker. We review for plain error. United States v. Mares, 402 F.3d 511, 520-22 (5th Cir. 2005), petition for cert. filed (Mar. 31, 2005) (No. 04-9517); United States v. Valenzuela-Quevedo, 407 F.3d 728, 732 (5th Cir. 2005), petition for cert. filed (July 25, 2005) (No. 05-5556).

Loredo concedes that he cannot establish plain error because the record does not indicate that the district court would have reached a significantly different result under an advisory guidelines scheme. See Mares, 402 F.3d at 521; Valenzuela-Quevedo, 407 F.3d at 733-34. Although his sentence was imposed at the low end of the guidelines range, this fact is not sufficient to conclude that the district court would have reached a different result under an advisory guidelines scheme. See United States v. Bringier, 405 F.3d 310, 318 n.4 (5th Cir. 2005), petition for cert. filed (July 26, 2005) (No. 05-5535). This court has also rejected Loredo's argument that an error in the imposition of a sentence under the mandatory guidelines scheme is a structural error and that prejudice should be presumed. United States v. Martinez-Lugo, 411 F.3d 597, 601 (5th Cir. 2005).

Because nothing in the Supreme Court's Booker decision requires us to change our prior affirmance in this case, we therefore reinstate our judgment affirming Loredo's conviction and sentence. AFFIRMED.