United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 13, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-40440
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GABRIEL LOREDO-PECINA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:03-CR-976-ALL
--------------------

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before KING, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

This court affirmed the sentence of Gabriel Loredo-Pecina

(Loredo).  United States v. Loredo-Pecina, 149 F. App'x 312 (5th

Cir. 2005).  The Supreme Court vacated and remanded for further

consideration in light of Lopez v. Gonzales, 127 S. Ct. 625

(2006).  Mendoza-Torres v. United States, 127 S. Ct. 826 (2006).

Loredo argues that his prior Texas felony conviction for

possession of a controlled substance does not qualify as an

aggravated felony under U.S.S.G. § 2L1.2, in light of Lopez.  He

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

also contends that his appeal is not moot despite his release from imprisonment and subsequent deportation.

In <u>United States v. Rosenbaum-Alanis</u>, ___ F.3d ___, No. 05-41400, 2007 WL 926832, *1-2 (5th Cir. 2007), we held that an appellant's challenge to the characterization of a state offense as an aggravated felony under § 2L1.2 was moot when the appellant had completed his term of imprisonment and had been deported. The court could not grant relief because the defendant was barred from entering the United States, and therefore could not be resentenced. <u>Rosenbaum-Alanis</u>, 2007 WL 926832 at *2. Because Loredo is barred from entering the United States and cannot be present for a resentencing proceeding as required by FED. R. CRIM. P. 43, we cannot grant his request to be resentenced. <u>See</u> <u>id</u>. Accordingly, Loredo's appeal is DISMISSED as moot.