**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Marco Antonio SOLIS–ALVAREZ, also known as Marco Antonio Solis–Garza, also known as Marco Antonio Soliz–Garza, Defendant–Appellant.**

**No. 05–40767.**
**Conference Calendar.**

United States Court of Appeals,
Fifth Circuit.

Decided Feb. 23, 2006.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Philip G. Gallagher, Federal Public Defender's Office Southern District of Texas, Houston, for Defendant–Appellant.

Before GARZA, DENNIS, and PRADO, Circuit Judges.

PER CURIAM: *

Marco Antonio Solis–Alvarez (Solis) pleaded guilty and was convicted of attempted illegal reentry after deportation. He was sentenced to 33 months of imprisonment and three years of supervised release. Solis contends that the district court erred by characterizing his state

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

felony conviction for possession of a controlled substance as an "aggravated felony" for purposes of U.S.S.G. § 2L1.2. Relief on this issue is precluded. *See United States v. Caicedo–Cuero,* 312 F.3d 697, 700–06 (5th Cir.2002); *United States v. Hinojosa–Lopez,* 130 F.3d 691, 693–94 (5th Cir.1997).

Solis also asserts that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b) are unconstitutional. Solis' constitutional challenge is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Solis contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez,* 410 F.3d 268, 276 (5th Cir.), *cert. denied,* — U.S. ——, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Solis properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but he raises it here to preserve it for further review.

Accordingly, the judgment of the district court is AFFIRMED.