United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 23, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-40668
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE ALFREDO ALDANA-SANABRIA,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:04-CR-846
---------------------

Before GARZA, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Jose Alfredo Aldana-Sanabria appeals his sentence under
8 U.S.C. § 1326 for illegal re-entry into the United States after
having been deported.  First, Aldana-Sanabria asserts that the
district court erred in concluding that his prior state felony
conviction for simple possession of a controlled substance was an
"aggravated felony" for purposes of § 1326(b).  Our precedent
holds that a state felony conviction for simple drug possession
is properly considered an aggravated felony for purposes of

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§ 1326(b).  See United States v. Rivera, 265 F.3d 310, 312-13 (5th Cir. 2001); United States v. Hinojosa-Lopez, 130 F.3d 691, 693-94 (5th Cir. 1997).  Therefore, this issue is without merit, and we affirm the judgment of the district court with respect to it.

Next, Aldana-Sanabria argues that the district court erred in ordering, as a condition of supervised release, that he cooperate with the probation officer in the collection of DNA.  His claim is not ripe for judicial review in light of our holding in United States v. Riascos-Cuenu, 428 F.3d 1100, 1102 (5th Cir. 2005), petition for cert. filed (Jan. 9, 2006) (No. 05-8662).  Accordingly, we dismiss this portion of the appeal for lack of jurisdiction.

Last, Aldana-Sanabria argues that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b) are unconstitutional.  His challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998).  Although Aldana-Sanabria contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding.  See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005).  Aldana-Sanabria properly concedes that his argument is foreclosed in light of

<u>Almendarez-Torres</u> and circuit precedent, but he raises it here to preserve it for further review. Thus, we affirm the judgment of the district court on this point.

JUDGMENT AFFIRMED; APPEAL DISMISSED IN PART.