United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 2, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-40767
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARCO ANTONIO SOLIS-ALVAREZ, also known as
Marco Antonio Solis-Garza, also known as
Marco Antonio Soliz-Garza,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:04-CR-2019-ALL
--------------------

ON REMAND FROM
THE SUPREME COURT OF THE UNITED STATES

Before GARZA, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

---

[*]Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

1

Mr. Solis-Alvarez pleaded guilty to the charge of attempted illegal re-entry in violation of 8 U.S.C. § 1326 and was sentenced to 33 months of imprisonment, followed by three years of supervised relief. We previously affirmed his sentence. United States v. Solis-Alvarez, 169 Fed. Appx. 224 (5th Cir. 2006). The Supreme Court has vacated and remanded the case for reconsideration in light of Lopez v. Gonzalez, 127 S.Ct. 625 (2006). Gutierrez-Tovar et al. v. United States, 127 S.Ct. 828 (2006). Following the Supreme Court's remand, we requested and received supplemental letter briefs from both parties regarding the impact of Lopez.

Mr. Solis has since completed his term of imprisonment and has been deported. His appeal is moot, according to binding circuit precedent. United States v. Rosenbaum-Alanis, 483 F.3d 381, 383 (5th Cir. 2007) ("Because the defendant has been deported . . . and is legally unable, without permission of the Attorney General, to reenter the United States to be present for a resentencing proceeding as required by Rule 43, there is no relief we are able to grant him and his appeal is

moot."). We therefore DISMISS the appeal as to the judgment of sentence. We AFFIRM the judgment of conviction; Mr. Solis's arguments in that regard remain foreclosed by <u>Almendarez-Torres v. United States</u>, 523 U.S. 224 (1998).