trict of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Laura Fletcher Leavitt, Assistant Federal Public Defender, Federal Public Defender's Office, Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before GARZA, DENNIS, and PRADO, Circuit Judges.

PER CURIAM: *

Miguel Rodriguez–Mercado appeals his guilty-plea conviction for being an alien unlawfully found in the United States after deportation, having previously been convicted of an aggravated felony, in violation of 8 U.S.C. § 1326(a) and (b).

Rodriguez–Mercado challenges the constitutionality of § 1326(b). His constitutional challenge is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Rodriguez–Mercado contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez,* 410 F.3d 268, 276 (5th Cir.), *cert. denied,* — U.S. —, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Rodriguez–Mercado properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit

precedent, but he raises it here to preserve it for further review.

The judgment of the district court is AFFIRMED.

**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jaime Sequeda MORTERA,**
**Defendant–Appellant.**

**No. 05–40364.**
**Conference Calendar.**

United States Court of Appeals,
Fifth Circuit.

Decided Feb. 23, 2006.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Marjorie A. Meyers, Federal Public Defender, Molly E. Odom, Federal Public Defender's Office Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before GARZA, DENNIS, and PRADO, Circuit Judges.

PER CURIAM: *

Jaime Sequeda Mortera pleaded guilty to being illegally present in the United States after deportation following an aggravated felony conviction. He was sentenced to a 21–month term of imprisonment and to a three-year period of supervised release. Sequeda Mortera appeals his conviction and his sentence.

Sequeda Mortera's guideline offense level was increased by eight levels because he was convicted in state court of felony possession of a controlled substance prior to his deportation. He contends that his prior conviction involved simple possession and should not have been regarded as an aggravated felony for purposes of U.S.S.G. § 2L1.2(b)(1)(C) (2004). This argument is foreclosed. *See United States v. Rivera,* 265 F.3d 310, 312–13 (5th Cir. 2001); *United States v. Hinojosa–Lopez,* 130 F.3d 691, 693–94 (5th Cir.1997).

Sequeda Mortera contends that the district court abused its discretion in imposing as a condition of supervised release the requirement that he cooperate in the collection of a DNA sample. Because this issue is not ripe for review, this court does

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

---

not have jurisdiction and this portion of the appeal must be dismissed. *See United States v. Riascos–Cuenu,* 428 F.3d 1100, 1101–02 (5th Cir.2005), *petition for cert. filed,* (Jan. 9, 2006) (No. 05–8662).

Sequeda Mortera challenges the constitutionality of 8 U.S.C. § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be proved beyond a reasonable doubt in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). This argument is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Sequeda Mortera contends that *Almendarez–Torres* has been "impliedly overruled" by subsequent Supreme Court decisions, including *Apprendi,* "[t]his court has repeatedly rejected arguments like the one made by [Sequeda Mortera] and has held that *Almendarez–Torres* remains binding despite *Apprendi.*" *United States v. Garza–Lopez,* 410 F.3d 268, 276 (5th Cir.), *cert. denied,* —— U.S. ——, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Sequeda Mortera concedes that the issue is foreclosed. He has raised the issue to preserve it for further review.

JUDGMENT AFFIRMED; APPEAL DISMISSED IN PART.