United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 23, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-41699
Conference Calendar
_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

EFRAIN PICENO-BAEZ,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:04-CR-1158-ALL
--------------------

Before GARZA, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

    Efrain Piceno-Baez (Piceno) pleaded guilty and was convicted
of attempted illegal reentry after deportation.  He was sentenced
to 21 months of imprisonment and three years of supervised
release.

    Piceno contends that the district court erred by
characterizing his state felony conviction for possession of
crack cocaine as an "aggravated felony" for purposes of U.S.S.G.
§ 2L1.2.  Relief on this issue is precluded.  See United States

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

v. Caicedo-Cuero, 312 F.3d 697, 700-06 (5th Cir. 2002); United

States v. Hinojosa-Lopez, 130 F.3d 691, 693-94 (5th Cir. 1997).

Piceno also asserts that the "felony" and "aggravated

felony" provisions of 8 U.S.C. § 1326(b) are unconstitutional.

Piceno's constitutional challenge is foreclosed by

Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998).

Although Piceno contends that Almendarez-Torres was incorrectly

decided and that a majority of the Supreme Court would overrule

Almendarez-Torres in light of Apprendi v. New Jersey, 530 U.S.

466 (2000), we have repeatedly rejected such arguments on the

basis that Almendarez-Torres remains binding.  See United States

v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126

S. Ct. 298 (2005).  Piceno properly concedes that his argument is

foreclosed in light of Almendarez-Torres and circuit precedent,

but he raises it here to preserve it for further review.

Accordingly, the judgment of the district court is AFFIRMED.