United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 2, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 05-40819
Conference Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TITO HERRERA-TREJO,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:04-CR-2108-ALL
--------------------

ON REMAND FROM
THE SUPREME COURT OF THE UNITED STATES

Before GARZA, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Mr. Herrera-Trejo pleaded guilty to the charge of

attempted illegal re-entry in violation of 8 U.S.C. §

---

[*]Pursuant to 5th Cir. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5th Cir. R. 47.5.4.

1

1326 and was sentenced to 27 months of imprisonment, followed by three years of supervised relief. We previously affirmed the judgment. United States v. Herrera-Trejo, 169 Fed. Appx. 225, 226 (5th Cir. 2006). The Supreme Court has vacated and remanded the case for reconsideration in light of Lopez v. Gonzalez, 127 S.Ct. 625 (2006). Gutierrez-Tovar et al. v. United States, 127 S.Ct. 828 (2006). Following the Supreme Court's remand, we requested and received supplemental letter briefs from both parties regarding the impact of Lopez.

Mr. Herrera has since completed his term of imprisonment; immigration authorities placed a detainer on him and his counsel concedes his probable removal. His appeal is therefore moot, according to binding circuit precedent. United States v. Rosenbaum-Alanis, 483 F.3d 381, 383 (5th Cir. 2007) ("Because the defendant has been deported . . . and is legally unable, without permission of the Attorney General, to reenter the United States to be present for a resentencing proceeding as required by Rule 43, there is no relief we are able to grant him and his appeal is moot."). We therefore DISMISS the appeal as

2

to the judgment of sentence. We AFFIRM the judgment of conviction; Mr. Herrera's arguments in that regard remain foreclosed by <u>Almendarez-Torres v. United States</u>, 523 U.S. 224 (1998).