United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 24, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-41467
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAIME ZAGAL-MERAZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:05-CR-381-ALL
--------------------

Before JOLLY, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:*

　　Jaime Zagal-Meraz (Zagal) appeals his conviction and sentence for illegal reentry. Zagal contends that his Minnesota conviction for simple possession of a controlled substance is a misdemeanor under federal law and should not have been treated as an "aggravated felony" under U.S.S.G. § 2L1.2(b)(1)(C) and that 8 U.S.C. § 1326(b)(1) & (2) are unconstitutional in light of Apprendi v. New Jersey, 530 U.S. 466 (2000).

　　Zagal's § 2L1.2(b)(1)(C) argument is unavailing in light of our precedent. See United States v. Rivera, 265 F.3d 310, 312-13

--------

　　* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(5th Cir. 2001); <u>United States v. Hinojosa-Lopez</u>, 130 F.3d 691, 693-94 (5th Cir. 1997). Zagal argues that our precedent is inconsistent with <u>Jerome v. United States</u>, 318 U.S. 101 (1943). Having preceded <u>Hinojosa-Lopez</u>, however, <u>Jerome</u> is not "an intervening Supreme Court case explicitly or implicitly overruling that prior precedent." See <u>United States v. Short</u>, 181 F.3d 620, 624 (5th Cir. 1999).

Zagal's constitutional challenge to § 1326(b) is foreclosed by <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 235 (1998). Although Zagal contends that <u>Almendarez-Torres</u> was incorrectly decided and that a majority of the Supreme Court would overrule <u>Almendarez-Torres</u> in light of <u>Apprendi</u>, we have repeatedly rejected such arguments on the basis that <u>Almendarez-Torres</u> remains binding. See <u>United States v. Garza-Lopez</u>, 410 F.3d 268, 276 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 298 (2005). Zagal properly concedes that his argument is foreclosed in light of <u>Almendarez-Torres</u> and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.