United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 24, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-41516
Conference Calendar

_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

ALVARO PRADO-ORTIZ,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:05-CR-349-ALL
--------------------

Before JOLLY, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

     Alvaro Prado-Ortiz (Prado) appeals the sentence he received
for illegally reentering the United States after deportation, in
violation of 8 U.S.C. § 1326.  Prado argues that the district
court misapplied the Sentencing Guidelines by characterizing
each of his prior state felony convictions for possession of
controlled substances as "aggravated felonies" for purposes of
U.S.S.G. § 2L1.2(b)(1)(C).  Prado's argument is unavailing in
light of circuit precedent.  See United States v. Hinojosa-Lopez,
130 F.3d 691, 693-94 (5th Cir. 1997).  Prado argues that this

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

circuit's precedent is inconsistent with <u>Jerome v. United States</u>, 318 U.S. 101 (1943).  Having preceded <u>Hinojosa-Lopez</u>, <u>Jerome</u> is not "an intervening Supreme Court case explicitly or implicitly overruling that prior precedent."  <u>See</u> <u>United States v. Short</u>, 181 F.3d 620, 624 (5th Cir. 1999).

Prado also challenges the constitutionality of § 1326(b) in light of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000).  Prado's constitutional challenge is foreclosed by <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 235 (1998).  Although Prado argues that <u>Almendarez-Torres</u> was incorrectly decided and that a majority of the Supreme Court would overrule <u>Almendarez-Torres</u> in light of <u>Apprendi</u>, we have repeatedly rejected such arguments on the basis that <u>Almendarez-Torres</u> remains binding.  <u>See</u> <u>United States v. Garza-Lopez</u>, 410 F.3d 268, 276 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 298 (2005).  Prado properly concedes that his argument is foreclosed in light of <u>Almendarez-Torres</u> and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.