United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 24, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-40111
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALFONSO ROCHA-GAYTAN,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:05-CR-594-ALL
--------------------

Before JOLLY, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Alfonso Rocha-Gaytan appeals his guilty plea conviction and
sentence for being knowingly and unlawfully present in the United
States after deportation in violation of 8 U.S.C. § 1326(a) &
(b). He argues that the district court erred in determining that
his 2004 Florida felony conviction for simple possession of
cocaine was an aggravated felony for purposes of U.S.S.G.
§ 2L1.2(b)(1)(C) and 8 U.S.C. § 1101(a)(43)(B). Rocha-Gaytan
acknowledges that we have held that simple possession of cocaine
is an aggravated felony under § 2L1.2(b)(1)(C) in United States

------------------------

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

v. Rivera, 265 F.3d 310, 312-13 (5th Cir. 2001), and United States v. Hinojosa-Lopez, 130 F.3d 691, 693-94 (5th Cir. 1997). However, he argues that we overlooked Jerome v. United States, 318 U.S. 101 (1943), in reaching these decisions. Having preceded Hinojosa-Lopez, Jerome is not "an intervening Supreme Court case explicitly or implicitly overruling that prior precedent." See United States v. Short, 181 F.3d 620, 624 (5th Cir. 1999). Therefore, the district court did not err in characterizing Rocha-Gaytan's prior Florida conviction for simple possession of cocaine as an aggravated felony for purposes of § 2L1.2. See Rivera, 265 F.3d at 312-13; see also Hinojosa-Lopez, 130 F.3d at 693-94.

Rocha-Gaytan's constitutional challenge to the sentencing provisions of § 1326 is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Rocha-Gaytan contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005). Rocha-Gaytan properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.