**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**May 15, 2007**

**Charles R. Fulbruge III**
**Clerk**

**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

No. 06-40111
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

ALFONSO ROCHA-GAYTAN

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
(2:05-CR-594-ALL)

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before JOLLY, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

This court previously affirmed the conviction and sentence of appellant, Alfonso Rocha-Gaytan. *United States v. Rocha-Gaytan*, 202 F. App'x 827 (5th Cir. 2006). On March 30, 2007, the Supreme Court vacated our judgment in this case and remanded the case to this court for further consideration in light of *Lopez v. Gonzales*, 127 S.Ct. 625 (2006).

---

[*]**Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.**

Following the Supreme Court's remand we received supplemental letter briefs from both parties with respect to the impact of *Lopez*. The government concedes, and we agree that, under *Lopez*, the district court erred in imposing an eight-level enhancement for Appellant's prior controlled substance conviction. In light of this error, the issue on appeal is whether we should vacate the sentence and remand for resentencing or whether the appeal is now moot.

The parties agree that Rocha-Gaytan has completed the confinement portion of his sentence and has apparently been deported from the United States, although he remains subject to the terms of his supervised release. This Court recently found a similar case moot when the appellant had already been released from prison and deported. *See United States v. Rosenbaum-Alanis*, __ F.3d __, No. 05-41400, 2007 WL 926832 (5th Cir. Mar. 29, 2007). Because the defendant in *Rosenbaum-Alanis* was barred from entering the United States, and therefore could not be resentenced, the Court could not grant the relief requested. *Id.* at *2.

We find *Rosenbaum-Alanis* controlling, and because Rocha-Gaytan is barred from entering the United States, we cannot grant his request to be resentenced. Rocha-Gaytan recognizes this precedent and wishes to preserve the issue for further review. The appeal is moot and therefore **DISMISSED**.