United States Court of Appeals
Fifth Circuit

**F I L E D**

May 15, 2007

**Charles R. Fulbruge III**
**Clerk**

**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

No. 06-40115

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

JESUS RAMIREZ-ALVAREZ,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas

(05-CR-686)

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before JOLLY, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

This court previously affirmed the conviction and sentence of Appellant, Jesus Ramirez-Alvarez. *United States v. Ramirez-Alvarez*, 202 F. App'x 828 (5th Cir. 2006). On March 30, 2007, the Supreme Court vacated our judgment in this case and remanded the case to this court for further consideration in light of *Lopez v. Gonzales*, 127 S.Ct. 625 (2006).

Following the Supreme Court's remand we received supplemental

---

[*]Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

letter briefs from both parties with respect to the impact of *Lopez*. The government concedes and we agree that, under *Lopez*, the district court erred in imposing an eight-level enhancement for Appellant's prior Texas controlled substance conviction.[2] Ramirez remains in custody in federal prison, with a projected release date of March 8, 2008. Accordingly, the appeal is not moot. *See United States v. Rosenbaum-Alanis*, __ F.3d __, No. 05-41400, 2007 WL 926832 (5th Cir. Mar. 29, 2007).

For the foregoing reasons, we AFFIRM Ramirez's conviction, VACATE his sentence, and REMAND for resentencing in accordance with *Lopez.*

---

[2]A second basis for the eight-level enhancement was Ramirez's prior 2002 illegal re-entry conviction, which itself can qualify as an aggravated felony if the alien was previously deported on the basis of a separate aggravated felony. *See* 8 U.S.C. § 1101(a)(43)(O). However, the parties agree that the illegal re-entry conviction is not an aggravated felony here, because it merely followed the Texas controlled substance conviction, which is not an aggravated felony under *Lopez.*