**UNITED STATES of America,
Plaintiff–Appellee**

v.

**Edgar Guadalupe GONZALEZ–SILVA,
Defendant–Appellant.**

No. 04–41531.
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided Feb. 13, 2006.

---

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, H. Michael Sokolow, Federal Public Defender's Office Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before KING, WIENER and DeMOSS, Circuit Judges.

PER CURIAM: *

Edgar Guadalupe Gonzalez–Silva (Gonzalez) appeals his conviction and sentence for illegal reentry after a previous deportation. Gonzalez argues that the district reversibly erred under *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), by sentencing him pursuant to a mandatory application of the Sentencing Guidelines.

There was no *"Booker"* error or Sixth Amendment violation because the only enhancement to Gonzalez's sentence was for his prior conviction. *See Booker*, 125 S.Ct. at 756, 769. Nevertheless, the district court committed *"Fanfan"* error by sentencing Gonzalez pursuant to a mandatory guidelines scheme.** *See United States v. Walters*, 418 F.3d 461, 463–64 (5th Cir. 2005).

The Government concedes that Gonzalez preserved his *Fanfan* claim. As such, this court reviews the claim for harmless error. *See Walters*, 418 F.3d at 464. There is no indication in the record that the district court would have imposed the same sentence had the guidelines been advisory rather than mandatory. Accordingly, we vacate the sentence and remand for resentencing in accordance with *Booker*.

As Gonzalez acknowledges, his challenge to the district court's eight-level sentence enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(C) is foreclosed by circuit precedent. *See United States v. Hinojosa–Lopez*, 130 F.3d 691, 693–94 (5th Cir. 1997); *see also United States v. Rivera*, 265 F.3d 310, 312–13 (5th Cir.2001). *Jerome v. United States*, 318 U.S. 101, 63 S.Ct. 483, 87 L.Ed. 640 (1943), does not

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

** Gonzalez's argument that the error was structural has been rejected by this court. *United States v. Martinez–Lugo*, 411 F.3d 597, 600 (5th Cir.), *cert. denied,* — U.S. ——, 126 S.Ct. 464, 163 L.Ed.2d 352 (2005).

**152**

affect the binding precedential value of *Rivera* and *Hinojosa–Lopez* because it is not an intervening Supreme Court case that explicitly or implicitly overruled *Hinojosa–Lopez. See Martin v. Medtronic, Inc.,* 254 F.3d 573, 576–77 (5th Cir.2001).

Gonzalez argues that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (b)(2) are unconstitutional on their face and as applied in his case in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Gonzalez's constitutional challenge is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Gonzalez contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi,* we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez,* 410 F.3d 268, 276 (5th Cir.), *cert. denied,* —— U.S. ——, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Gonzalez properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but he raises it here to preserve it for further review. Accordingly, Gonzalez's conviction is affirmed.

AFFIRMED IN PART; VACATED AND REMANDED IN PART.