United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 10, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-41531
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

EDGAR GUADALUPE GONZALEZ-SILVA

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
No. 5:04-CR-841-ALL

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before KING, WIENER, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

In a previous opinion in this case, we affirmed the
conviction of defendant-appellant Edgar Guadalupe Gonzalez-Silva
("Gonzalez") but vacated his sentence and remanded for
resentencing.  See United States v. Gonzalez-Silva, 166 F. App'x
150, 151-52 (5th Cir. 2006) (per curiam) (unpublished opinion).
On December 11, 2006, the Supreme Court vacated our judgment and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

remanded the case to us for further consideration in light of Lopez v. Gonzales, 127 S. Ct. 625 (2006). See Gutierrez-Tovar v. United States, 127 S. Ct. 828 (2006). On remand, we conclude that Gonzalez's appeal is now moot as a result of his release from prison and subsequent deportation, and we dismiss his appeal.

Gonzalez was convicted of attempted illegal reentry after a previous deportation in violation of 8 U.S.C. § 1326. Applying the then-mandatory version of the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines"), the district court calculated Gonzalez's total offense level as thirteen and his criminal-history category as III, yielding a sentencing range of eighteen to twenty-four months' imprisonment. The court's calculation of Gonzalez's total offense level included an eight-level enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(C) for a prior aggravated-felony conviction; Gonzalez's prior conviction was a Texas felony conviction for marijuana possession. The district court imposed a sentence of eighteen months' imprisonment and three years' supervised release.

On appeal, Gonzalez argued (1) that his sentence was imposed in violation of United States v. Booker, 543 U.S. 220 (2005); (2) that the eight-level Guidelines enhancement for a prior aggravated-felony conviction was improper; and (3) that the "felony" and "aggravated felony" provisions of § 1326(b)(1) and (2) were unconstitutional facially and as applied. We rejected

-2-

Gonzalez's third argument as foreclosed by <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 235 (1998), and consequently we affirmed his conviction. We also rejected his second argument as foreclosed by <u>United States v. Hinojosa-Lopez</u>, 130 F.3d 691, 693-94 (5th Cir. 1997). But concluding that the district court erred by sentencing Gonzalez pursuant to a mandatory Guidelines scheme, we vacated his sentence and remanded for resentencing. The Supreme Court granted certiorari, vacated our judgment, and remanded the case for further consideration in light of <u>Lopez</u>.

On remand, the parties alert us to the fact that Gonzalez has completed the confinement portion of his sentence and has apparently been deported from the United States, although his term of supervised release is ongoing. A condition of Gonzalez's supervised release is that he not illegally reenter the United States during the term of his supervised release. Thus, assuming arguendo that there is <u>Lopez</u> error, Gonzalez is prohibited from reentering the United States (without permission from the Attorney General) to be present for a resentencing proceeding before the district court. But Rule 43 of the Federal Rules of Criminal Procedure requires Gonzalez's presence at resentencing.

This court recently addressed the status of an appeal with nearly identical circumstances in another case remanded by the Supreme Court in light of <u>Lopez</u>. In <u>United States v. Rosenbaum-Alanis</u>, we concluded that such an appeal was moot because there was no relief we could grant the defendant. No. 05-41400, 2007

-3-

WL 926832, at *1-2 (5th Cir. Mar. 29, 2007). We reasoned:

> Because Rosenbaum has completed the confinement portion of his sentence, any argument that the prison term should be reduced is moot and the only portion of the sentence remaining for consideration is the defendant's term of supervised release. In order to resentence the defendant to correct any error in the defendant's term of supervised release, Federal Rule of Criminal Procedure 43 requires the defendant to be present and have the opportunity to allocute.
>
> Both parties advise, however, that the defendant has completed his term of imprisonment and has been deported.
>
> Because the defendant has been deported to the Republic of Mexico and is legally unable, without permission of the Attorney General, to reenter the United States to be present for a resentencing proceeding as required by Rule 43, there is no relief we are able to grant him and his appeal is moot.

Id. at *1-2.

Rosenbaum-Alanis controls our decision in this case.

Accordingly, Gonzalez's appeal is DISMISSED as moot.