United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 30, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-20299
Conference Calendar

_____

UNITED STATES OF AMERICA

                    Plaintiff - Appellee

     v.

JUAN GUARDADO-ORTEGA, also known as Jorge Guardado-Ortega

                    Defendant - Appellant

                    --------------------
          Appeal from the United States District Court
               for the Southern District of Texas
                    USDC No. 4:03-CR-438-ALL
                    --------------------

     ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before KING, Chief Judge, and DeMOSS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

     This court affirmed the convictions and sentences of Juan

Guardado-Ortega.  United States v. Guardado-Ortega, No. 04-20299

(5th Cir. Dec. 17, 2004) (unpublished).  The Supreme Court

vacated and remanded for further consideration in light of United

States v. Booker, 125 S. Ct. 738 (2005).  See Vences v. United

States, 125 S. Ct. 1991 (2005).  We requested and received

supplemental letter briefs addressing the impact of Booker.

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Guardado argues that he is entitled to resentencing because the district court sentenced him under a mandatory application of the guidelines prohibited by <u>Booker</u>. This court will not consider a <u>Booker</u>-related challenge raised for the first time in a petition for certiorari absent extraordinary circumstances. <u>United States v. Taylor</u>, 409 F.3d 675, 676 (5th Cir. 2005).

Guardado argues that this court's holding in <u>Taylor</u> is not controlling because it is contrary to earlier precedent in this circuit and that plain error is therefore the proper standard of review in this case. He concedes, however, that he cannot make the necessary showing of plain error that is required by our precedent in <u>United States v. Mares</u>, 402 F.3d 511, 521 (5th Cir 2005), <u>petition for cert. filed</u> (Mar. 31, 2005) (No. 04-9517). Moreover, this court has rejected his arguments that a <u>Booker</u> error is a structural error or that such error is presumed to be prejudicial. <u>See</u> <u>Mares</u>, 402 F.3d at 520-22; <u>see also</u> <u>United States v. Malveaux</u>, 411 F.3d 558, 560 n.9 (5th Cir. 2005), <u>petition for cert. filed</u> (July 11, 2005) (No. 05-5297).

Because nothing in the Supreme Court's <u>Booker</u> decision requires us to change our prior affirmance in this case, we reinstate our judgment affirming Guardado's convictions and sentences.

AFFIRMED.