United States Court of Appeals
Fifth Circuit

**F I L E D**

April 10, 2007

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-20299
Conference Calendar

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

JUAN GUARDADO-ORTEGA, also known as Jorge Guardado-Ortega

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
No. 4:03-CR-438-ALL

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before KING, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

The Supreme Court vacated our judgment in this case and remanded for further consideration in light of Lopez v. Gonzales, 127 S. Ct. 625 (2006). On remand, we conclude that the defendant-appellant's appeal is now moot as a result of his release from prison and subsequent deportation, and we dismiss his appeal.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Defendant-appellant Juan Guardado-Ortega ("Guardado") was convicted, pursuant to a guilty plea, of use of a nonimmigrant visa obtained by fraud and illegal reentry following deportation subsequent to a conviction for an aggravated felony. The prior convictions that were deemed aggravated felonies were California convictions for possession of cocaine and possession of a controlled substance. On appeal, Guardado argued that the district court improperly applied an eight-level enhancement under section 2L1.2(b)(1)(C) of the United States Sentencing Guidelines because his prior convictions were not aggravated-felony convictions. We determined that his argument was foreclosed by United States v. Hinojosa-Lopez, 130 F.3d 691, 694 (5th Cir. 1997), and affirmed. See United States v. Guardado-Ortega, 115 F. App'x 288, 289 (5th Cir. 2004) (per curiam) (unpublished opinion). The Supreme Court granted certiorari, vacated our judgment, and remanded the case for further consideration in light of United States v. Booker, 543 U.S. 220 (2005). See Vences v. United States, 544 U.S. 1013 (2005). Concluding that Guardado had not demonstrated plain error under Booker, we again affirmed. See United States v. Guardado-Ortega, 150 F. App'x 302, 303 (5th Cir. 2005) (per curiam) (unpublished opinion). The Supreme Court again granted certiorari, vacated our judgment, and remanded the case for further consideration, this time in light of Lopez. See Mendoza-Torres v. United States, 127 S. Ct. 826 (2006).

-2-

On remand, the parties alert us to the fact that Guardado has completed the confinement portion of his sentence and has apparently been deported from the United States, although his term of supervised release is ongoing. A condition of Guardado's supervised release is that he not illegally reenter the United States during the term of his supervised release. Thus, assuming arguendo that there is <u>Lopez</u> error, Guardado is prohibited from reentering the United States (without permission from the Attorney General) to be present for a resentencing proceeding before the district court. But Rule 43 of the Federal Rules of Criminal Procedure requires Guardado's presence at resentencing.

This court recently addressed the status of an appeal with nearly identical circumstances in another case remanded by the Supreme Court in light of <u>Lopez</u>. In <u>United States v. Rosenbaum-Alanis</u>, we concluded that such an appeal was moot because there was no relief we could grant the defendant. No. 05-41400, 2007 WL 926832, at *1-2 (5th Cir. Mar. 29, 2007). We reasoned:

> Because Rosenbaum has completed the confinement portion of his sentence, any argument that the prison term should be reduced is moot and the only portion of the sentence remaining for consideration is the defendant's term of supervised release. In order to resentence the defendant to correct any error in the defendant's term of supervised release, Federal Rule of Criminal Procedure 43 requires the defendant to be present and have the opportunity to allocute.

> Both parties advise, however, that the defendant has completed his term of imprisonment and has been deported.

-3-

> Because the defendant has been deported to the Republic of Mexico and is legally unable, without permission of the Attorney General, to reenter the United States to be present for a resentencing proceeding as required by Rule 43, there is no relief we are able to grant him and his appeal is moot.

Id. at *1-2.

Rosenbaum-Alanis controls our decision in this case.

Accordingly, Guardado's appeal is DISMISSED as moot.