United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 19, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-40024
Summary Calendar

_____

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

FRANCISCO JAVIER LOZANO-MIRELES

Defendant - Appellant

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:04-CR-1171-1
---------------------

Before KING, SMITH and GARZA, Circuit Judges.

PER CURIAM:[*]

Francisco Javier Lozano-Mireles ("Lozano") appeals his conviction and the 18-month sentence he received after he pleaded guilty to a charge of illegal re-entry to the United States, a violation of 8 U.S.C. § 1326.

Lozano argues that the district court erred by characterizing, for purposes of U.S.S.G. § 2L1.2(b)(1)(C), his state felony conviction for possession of a controlled substance as an "aggravated felony." Lozano's argument is foreclosed. See

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

United States v. Hinojosa-Lopez, 130 F.3d 691, 694 (5th Cir. 1997).  Jerome v. United States, 318 U.S. 101 (1943), does not affect this precedent.

Lozano's constitutional challenge to 8 U.S.C. § 1326  is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998).  Although Lozano contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005).  Lozano properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

Lozano contends that his sentence must be vacated because he was sentenced pursuant to mandatory sentencing guidelines that were held unconstitutional in United States v. Booker, 125 S. Ct. 738 (2005).  He asserts first that the error in his case is reversible because the error is structural and is insusceptible of harmless error analysis.  Contrary to Lozano's contention, we have previously rejected this specific argument.  See United States v. Walters, 418 F.3d 461, 463 (5th Cir. 2005).

In the alternative, Lozano contends that the Government cannot show that the error that occurred at his sentencing was

harmless.  We review Lozano's preserved challenge to his sentence for harmless error under FED. R. CRIM. P. 52(a).  Walters, 418 F.3d at 463.

Lozano was sentenced at the bottom of the guideline range, and the district court provided no commentary regarding the sentence that it imposed.  The record provides no indication, and the Government has not shown, that the district court would not have sentenced Lozano differently under an advisory guidelines system.  See United States v. Garza, 429 F.3d 165, 170-71 (5th Cir. 2005).  Accordingly, Lozano's sentence is VACATED, and his case is REMANDED for further proceedings consistent with this opinion.

Lozano's conviction is AFFIRMED; Lozano's sentence is VACATED; REMANDED.