United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 16, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-40024
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

FRANCISCO JAVIER LOZANO-MIRELES

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
No. 5:04-CR-1171-1

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before KING, SMITH, and GARZA, Circuit Judges.

PER CURIAM:[*]

In a previous opinion in this case, we affirmed the conviction of defendant-appellant Francisco Javier Lozano-Mireles ("Lozano") but vacated his sentence and remanded for resentencing. See United States v. Lozano-Mireles, 161 F. App'x 432, 433 (5th Cir. 2006) (per curiam) (unpublished opinion). On December 11, 2006, the Supreme Court vacated our judgment and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

remanded the case to us for further consideration in light of Lopez v. Gonzales, 127 S. Ct. 625 (2006). See Gutierrez-Tovar v. United States, 127 S. Ct. 828 (2006). On remand, we conclude that Lozano's appeal is now moot as a result of his release from prison and subsequent deportation, and we dismiss his appeal.

Lozano was convicted of being found knowingly and unlawfully present in the United States after a previous deportation in violation of 8 U.S.C. § 1326. Applying the then-mandatory version of the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines"), the district court calculated Lozano's total offense level as thirteen and his criminal-history category as III, yielding a sentencing range of eighteen to twenty-four months' imprisonment. The court's calculation of Lozano's total offense level included an eight-level enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(C) for a prior aggravated-felony conviction; Lozano's prior conviction was a Florida felony conviction for cocaine possession. The district court imposed a sentence of eighteen months' imprisonment and three years' supervised release.

On appeal, Lozano argued (1) that his sentence was imposed in violation of United States v. Booker, 543 U.S. 220 (2005); (2) that the eight-level Guidelines enhancement for a prior aggravated-felony conviction was improper; and (3) that the "felony" and "aggravated felony" provisions of § 1326(b)(1) and (2) were unconstitutional facially and as applied. We rejected

-2-

Lozano's third argument as foreclosed by <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 235 (1998), and consequently we affirmed his conviction. We also rejected his second argument as foreclosed by <u>United States v. Hinojosa-Lopez</u>, 130 F.3d 691, 694 (5th Cir. 1997). But concluding that the district court erred by sentencing Lozano pursuant to a mandatory Guidelines scheme, we vacated his sentence and remanded for resentencing. The Supreme Court granted certiorari, vacated our judgment, and remanded the case for further consideration in light of <u>Lopez</u>.

On remand, the parties alert us to the fact that Lozano has completed the confinement portion of his sentence and has apparently been deported from the United States, although his term of supervised release is ongoing. A condition of Lozano's supervised release is that he not illegally reenter the United States during the term of his supervised release. Thus, assuming arguendo that there is <u>Lopez</u> error, Lozano is prohibited from reentering the United States (without permission from the Attorney General) to be present for a resentencing proceeding before the district court. But Rule 43 of the Federal Rules of Criminal Procedure requires Lozano's presence at resentencing.

This court recently addressed the status of an appeal with nearly identical circumstances in another case remanded by the Supreme Court in light of <u>Lopez</u>. In <u>United States v. Rosenbaum-Alanis</u>, we concluded that such an appeal was moot because there was no relief we could grant the defendant. No. 05-41400, 2007

-3-

WL 926832, at *1-2 (5th Cir. Mar. 29, 2007).  We reasoned:

> Because Rosenbaum has completed the confinement portion of his sentence, any argument that the prison term should be reduced is moot and the only portion of the sentence remaining for consideration is the defendant's term of supervised release.  In order to resentence the defendant to correct any error in the defendant's term of supervised release, Federal Rule of Criminal Procedure 43 requires the defendant to be present and have the opportunity to allocute.
>
> Both parties advise, however, that the defendant has completed his term of imprisonment and has been deported.
>
> Because the defendant has been deported to the Republic of Mexico and is legally unable, without permission of the Attorney General, to reenter the United States to be present for a resentencing proceeding as required by Rule 43, there is no relief we are able to grant him and his appeal is moot.

Id. at *1-2.

Rosenbaum-Alanis controls our decision in this case.

Accordingly, Lozano's appeal is DISMISSED as moot.