United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 24, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-20067
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NOE MONDRAGON-JIMENEZ, also known as
Noe Jiminez Mondragon, also known as
Noe Jimenez Mondragon, also known as
Noe Mondragon,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:05-CR-325-ALL
--------------------

Before JOLLY, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Noe Mondragon-Jimenez (Mondragon) appeals the sentence

imposed following his guilty-plea conviction for being unlawfully

present in the United States after deportation, in violation of

8 U.S.C. § 1326. Mondragon argues for the first time on appeal

that the district court misapplied the Sentencing Guidelines by

characterizing his state felony convictions for possession of a

controlled substance as aggravated felonies for purposes of

U.S.S.G. § 2L1.2(b)(1)(C). Mondragon's argument is unavailing in

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

light of circuit precedent.  See United States v. Hinojosa-Lopez, 130 F.3d 691, 693-94 (5th Cir. 1997).  Mondragon argues that this circuit's precedent is inconsistent with Jerome v. United States, 318 U.S. 101 (1943).  Having preceded Hinojosa-Lopez, Jerome is not "an intervening Supreme Court case explicitly or implicitly overruling that prior precedent."  See United States v. Short, 181 F.3d 620, 624 (5th Cir. 1999).

For the first time on appeal, Mondragon also challenges the constitutionality of § 1326(b) in light of Apprendi v. New Jersey, 530 U.S. 466 (2000).  The Government argues that Mondragon lacks standing to bring a facial challenge to the constitutionality of § 1326(b).

Because Mondragon may be entitled to a lesser sentence if his constitutional challenge were successful, he has standing. See Henderson v. Stalder, 287 F.3d 374, 380 (5th Cir. 2002). Mondragon cannot succeed on his constitutional challenge, however, because his argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998).  Although Mondragon contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi, we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding.  See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005).  Mondragon properly concedes that his argument is foreclosed in light of Almendarez-Torres and

circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.