United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 17, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT
_____

No. 06-20067
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

NOE MONDRAGON-JIMENEZ, also known as
Noe Jiminez Mondragon, also known as
Noe Jimenez Mondragon, also known as
Noe Mondragon,

Defendant - Appellant.

Appeal from the United States District Court
for the Southern District of Texas, Houston

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before JOLLY, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:*

This court previously affirmed the conviction and sentence of

the Appellant, Noe Mondragon-Jimenez ("Mondragon"). United States

v. Mondragon-Jimenez, 202 Fed.Appx. 835 (5th Cir. 2006). The

Supreme Court vacated and remanded the case for reconsideration in

---

*Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the light of <u>Lopez v. Gonzales</u>, 127 S.Ct. 625 (2006).  <u>Ochoa-Perez</u>
<u>v. United States</u>, 127 S.Ct. 1263 (2007).**

I.

Mondragon pleaded guilty to illegal reentry after deportation
after an aggravated felony conviction, in violation of 8 U.S.C. §
1326(a), (b)(2).  The presentence report ("PSR") recommended a base
offense level of eight and an eight-level increase under U.S.S.G.
§ 2L1.2(b)(1)(C), because Mondragon had been deported after an
aggravated felony conviction.  The PSR did not identify which of
Mondragon's three Texas felony convictions -- 1994 cocaine
possession, 1996 cocaine possession, and 1998 illegal investment --
was the trigger for the increase.  Prior to sentencing, Mondragon
filed a written statement of no objections to the PSR.

The district court adopted the recommendations of the PSR and
sentenced Mondragon to 30 months in prison, followed by three years
of supervised release.  As a condition of supervised release, the
district court provided that Mondragon could not return to the
United States following deportation.

For the first time on direct appeal, Mondragon challenged the
eight-level increase in his offense level, arguing that the
district court misapplied the Sentencing Guidelines by
characterizing his state felony convictions for possession of a

---

**Mondragon is currently in custody in federal prison, with a
projected release date of June 5, 2007.  Accordingly, this appeal
is not moot.  <u>See</u> <u>United States v. Rosenbaum-Alanis</u>, No. 05-41400,
2007 WL 926832 (5th Cir. March 29, 2007).

2

controlled substance as aggravated felonies.  This court found his argument unavailing based on United States v. Hinojosa-Lopez, 130 F.3d 691, 693-94 (5th Cir. 1997) (holding that an aggravated felony enhancement under § 2L1.2 was proper for a prior state felony drug conviction even though the same conduct would constitute only a misdemeanor under the federal Controlled Substances Act).

In Lopez, the Supreme Court held that a state offense meets the definition of a "'felony punishable under the Controlled Substances Act' only if it proscribes conduct punishable as a felony under that federal law."  Lopez, 127 S.Ct. at 633.

Following the Supreme Court's remand of this case, the parties filed supplemental letter briefs addressing the effect of Lopez on this case.

II.

Mondragon concedes that, because he did not challenge the eight-level aggravated felony enhancement in the district court, our review is only for plain error.  To obtain relief under the plain error standard, Mondragon must show an error that is clear or obvious and that the error affected his substantial rights.  See United States v. Olano, 507 U.S. 725, 732-37 (1993).  We will exercise our discretion to correct a plain error if the error seriously affects the fairness, integrity, or public reputation of the judicial proceedings.  Id.

The Government concedes that Mondragon's Texas cocaine possession convictions, although felonies under state law, were

3

punishable only as misdemeanors under the federal Controlled Substances Act and thus are not aggravated felonies for the purposes of U.S.S.G. § 2L1.2(b)(1)(C). It argues, however, that the district court did not plainly err in imposing the eight-level increase, because Mondragon's 1998 Texas conviction for illegal investment, for which he was sentenced to six years in prison, is an aggravated felony. The Government asserts that the illegal investment conviction would actually support a 16-level increase under the guidelines, because the sentence imposed (six years), exceeded 13 months. See U.S.S.G. § 2L1.2(b)(1)(A)(i) (providing for a 16-level increase for a felony drug trafficking offense for which the sentence imposed exceeded 13 months).

Mondragon contends that the Government did not make this argument in district court, that it is reasonable to infer that the district court relied on the possession convictions, and not the illegal investment conviction, for the enhancement, and that the only evidence of the illegal investment conviction is a bare description in the PSR. He contends that we should remand the case for the district court to resolve the issue on a complete record.

Because we do not have the record or the PSR before us, we decline to decide whether the eight-level enhancement was applicable because of Mondragon's prior Texas conviction for illegal investment. Instead, we will leave it for the district court to decide on remand, with a fully developed record, whether that conviction warrants an enhancement.

4

III.

For the foregoing reasons, the judgment of conviction is AFFIRMED, Mondragon's sentence is VACATED, and the case is REMANDED for resentencing in accordance with Lopez.