United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 15, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-40672
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CECILIO MENDOZA-TORRES,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:04-CR-20-ALL
--------------------

Before SMITH, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Cecilio Mendoza-Torres ("Mendoza") appeals following his

guilty plea to a charge of being present illegally in the United

States after deportation, in violation of 8 U.S.C. § 1326.

Mendoza argues that the district court misapplied the Sentencing

Guidelines by erroneously characterizing his state felony

conviction for possession of a controlled substance as an

"aggravated felony" for purposes of U.S.S.G. § 2L1.2(b)(1).

Mendoza's argument is foreclosed by circuit precedent.  See

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

United States v. Caicedo-Cuero, 312 F.3d 697, 706-11 (5th Cir. 2002); United States v. Rivera, 265 F.3d 310, 312-13 (5th Cir. 2001); United States v. Hinojosa-Lopez, 130 F.3d 691, 693-94 (5th Cir. 1997). Jerome v. United States, 318 U.S. 101 (1943), does not affect the binding precedential value of these opinions.

Mendoza also argues that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (2) are unconstitutional. He acknowledges that his argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998), but he seeks to preserve his argument for further review in light of Apprendi v. New Jersey, 530 U.S. 466, 490 (2000). Apprendi did not overrule Almendarez-Torres. See Apprendi, 530 U.S. at 489-90; United States v. Mancia-Perez, 331 F.3d 464, 470 (5th Cir.), cert. denied, 124 S. Ct. 358 (2003). Mendoza further asserts that, if Almendarez-Torres is overruled and if Blakely v. Washington, 124 S. Ct. 2531 (2004), applies to the federal sentencing guidelines, his sentence could not be enhanced based on his prior convictions, unless they were submitted to a jury or admitted by him. As noted, Almendarez-Torres has not been overruled. This court must follow Almendarez-Torres "unless and until the Supreme Court itself determines to overrule it." Mancia-Perez, 331 F.3d at 470 (internal quotation and citation omitted).

Finally, Mendoza argues that the district court committed reversible error by imposing a sentence pursuant to the mandatory

Federal Sentencing Guidelines system that was held unconstitutional in United States v. Booker, 125 S. Ct. 738 (2005). Because Mendoza did not raise this objection in the district court, our review is for plain error. See United States v. Valenzuela-Quevedo, 407 F.3d 728, 732 (5th Cir. 2005).

The district court committed error that is plain by sentencing Mendoza under a mandatory Sentencing Guidelines scheme. See id.; United States v. Mares, 402 F.3d 511, 520-21 (5th Cir. 2005), petition for cert. filed (U.S. Mar. 31, 2005) (No. 04-9517). However, Mendoza has not carried his burden of showing that the district court's error affected his substantial rights. See Valenzuela-Quevedo, 407 F.3d at 733-34; Mares, 402 F.3d at 521.

Accordingly, the district court's judgment is AFFIRMED.