United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 29, 2007**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 05-41400

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

EVERARDO ROSENBAUM-ALANIS

Defendant-Appellant.

Appeal from the United States District Court
For the Southern District of Texas, Brownsville

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before JONES, Chief Judge, and JOLLY and DAVIS, Circuit Judges.

W. EUGENE DAVIS, Circuit Judge:

In our previous opinion, we affirmed the conviction and sentence of the Appellant Everardo Rosenbaum-Alanis ("Rosenbaum"). On December 11, 2006, the Supreme Court vacated our judgment and remanded the case to us for reconsideration in light of Lopez v. Gonzalez.[1] On remand, we conclude that Rosenbaum's release from prison and subsequent deportation renders us incapable of granting

_____

[1]127 S.Ct. 625 (2006).

relief to the appellant and we dismiss the appeal as moot.

Rosenbaum pleaded guilty to an indictment charging him with being found in the United States after having been convicted of an aggravated felony in violation of 8 U.S.C. § 1326. After calculating his Guideline range at 18 to 24 months, the district court sentenced Rosenbaum to 18 months in the custody of the United States Bureau of Prisons, to be followed by a three-year term of supervised release.

Rosenbaum appealed from the judgment of conviction and sentence, arguing that the district court miscalculated the advisory Sentencing Guidelines range when it found that his state felony conviction for possession of marihuana was an "aggravated felony" mandating an eight-level increase in his offense level calculation. This court rejected Rosenbaum's claim as foreclosed by its precedent. The Supreme Court granted certiorari and remanded the case for reconsideration in light of its opinion in Lopez.

In Lopez, the Supreme Court held that a state felony conviction for simple possession of a controlled substance that was not punishable as a felony under the federal Controlled Substances Act was not a "drug trafficking crime" under 18 U.S.C. § 924(c) and hence not an "aggravated felony" under 8 U.S.C. § 1101 (a)(43)(B).[2]

Appellant argues that, in light of Lopez, his Texas felony

_____

[2]Lopez, 127 S.Ct. at 629-633.

conviction for simple possession of a controlled substance does not qualify as an aggravated felony because that crime was punishable only as a misdemeanor under the federal Controlled Substances Act and, accordingly, the district court erred in enhancing his sentence based on the Texas conviction. He argues further that, because the district court treated his previous conviction as an aggravated felony, he was eligible for (and received) a maximum three year term of supervised release,[3] and that without the aggravated felony enhancement, the maximum term of supervised release would have been one year.[4]

Because Rosenbaum has completed the confinement portion of his sentence, any argument that the prison term should be reduced is moot and the only portion of the sentence remaining for consideration is the defendant's term of supervised release. In order to resentence the defendant to correct any error in the defendant's term of supervised release, Federal Rule of Criminal Procedure 43 requires the defendant to be present and have the opportunity to allocute.

Both parties advise, however, that the defendant has completed his term of imprisonment and has been deported.

Because the defendant has been deported to the Republic of Mexico and is legally unable, without permission of the Attorney

---

[3]See 8 U.S.C. § 1326(b); 18 U.S.C. § 3583(b); 18 U.S.C. § 3559.

[4]See 18 U.S.C. § 3583(b).

3

General, to reenter the United States to be present for a resentencing proceeding as required by Rule 43, there is no relief we are able to grant him and his appeal is moot.

Rosenbaum argues that this court's decision in <u>United States v. Lares-Meraz</u>[5] compels a contrary conclusion. In <u>Lares-Meraz</u>, the defendant, like Rosenbaum, was released and deported during the pendency of his appeal, while remaining subject to an unexpired term of supervised release. The panel in <u>Lares-Meraz</u> concluded that the case was not moot because of this remaining term of supervised release. The panel, however, was not faced with the prospect of resentencing the defendant because defense counsel conceded that any sentencing error was harmless. The panel therefore affirmed the sentence.

<u>Lares-Meraz</u> does not control this case. By conceding that any error which formed the basis for his appeal was harmless and presenting no argument that militated against affirming the sentence, the defendant in <u>Lares-Meraz</u> did not seek any relief that the court could not grant. By contrast, in this case, the defendant, who is barred from entering the United States and who therefore cannot be resentenced, requests relief which we are unable to grant.[6]

---

[5]452 F.3d 352 (5th Cir. 2006).

[6]<u>See</u> 13A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, <u>Federal Practice and Procedure: Jurisdiction and Related Matters</u> § 3553 (2d ed. 1984) ("[A] startling number of cases can be found dealing with the problems of mootness that arise as events

4

We further reject defense counsel's argument that the possibility of obtaining a waiver of the defendant's presence at the sentencing hearing compels remand.  No waiver has been presented to this court and the possibility of a future waiver is speculative.

The appeal is therefore DISMISSED.

---

overtake the pace of decision . . . .  The central question nonetheless is constant-whether decision of a once living dispute continues to be justified by a sufficient prospect that the decision will have an impact on the parties.").

5