United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 20, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT
_____

No. 05-20037
_____

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

                    versus

HOVEL RIASCOS-CUENU,

                                        Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas, Houston
USDC No. 4:04-CR-345-ALL
_____

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before JOLLY and BARKSDALE, Circuit Judges.[*]

PER CURIAM:[**]

    This court previously affirmed the conviction and sentence of the Appellant, Hovel Riascos-Cuenu ("Riascos"). United States v. Riascos-Cuenu, 428 F.3d 1100 (5th Cir. 2005). The Supreme Court vacated and remanded the case for reconsideration in the light of Lopez v. Gonzalez, 127 S.Ct. 625 (2006). Riascos-Cuenu v. United States, 127 S.Ct. 827 (2007).

---

    [*]This matter is being decided by a quorum. See 28 U.S.C. 46(d).

    [**]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

In the light of <u>Lopez</u>, the district court erred by enhancing Riascos's sentence based on a Texas conviction for possession of cocaine. Because Riascos has completed service of his term of imprisonment and was released by the Bureau of Prisons on January 12, 2007, any argument that the sentence of imprisonment should be reduced is moot and the only portion of the sentence remaining for consideration is Riascos's term of supervised release.

However, as both parties noted in supplemental letter briefs filed with this court, Riascos presumably has been deported. In order to resentence him and reduce his term of supervised release, Federal Rule of Criminal Procedure 43 requires the defendant to be present and have the opportunity to allocute. Because Riascos has been deported and is legally unable, without permission of the Attorney General, to reenter the United States to be present for a resentencing proceeding, there is no relief we are able to grant Riascos and his appeal is moot. See <u>United States v. Rosenbaum-Alanis</u>, No. 05-41400, 2007 WL 926832 (5th Cir. March 29, 2007). The appeal is therefore DISMISSED.