United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 1, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 06-40646
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALCIDES ENRIQUE SIERRA-HERNANDEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:05-CR-2376
--------------------

Before DeMOSS, STEWART, and PRADO, Circuit Judges.

PER CURIAM:[*]

Alcides Enrique Sierra-Hernandez (Sierra) appeals his guilty-plea conviction and 15-month sentence for being found in the United States after being removed, in violation of 8 U.S.C. § 1326. Sierra contends that the district court erred in imposing a sentencing enhancement for his prior conviction for possession of cocaine, in light of Lopez v. Gonzales, 127 S. Ct. 625 (2006). Because Sierra has completed the confinement portion of his sentence, any argument that the prison term should be

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

reduced is moot and the only portion of the sentence remaining for consideration is his term of supervised release. As the Government notes, however, Sierra has been deported. Because Sierra would is barred from returning to the United States, and because there is no indication that Sierra has waived his right to be present for resentencing, his challenge to the validity of his sentence is moot. See United States v. Rosenbaum-Alanis, ___ F.3d ___, 2007 WL 926832, at *2 (5th Cir. March 29, 2007)(No. 05-41400). The appeal is therefore DISMISSED as to this ground.

Sierra also argues, in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), that the 15-month term of imprisonment imposed in his case exceeds the statutory maximum sentence allowed for the § 1326(a) offense charged in his indictment. He challenges the constitutionality of § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury. Sierra's constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although he contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi, we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005). Sierra properly concedes that his argument is foreclosed in light of Almendarez-Torres and

circuit precedent, but he raises it here to preserve it for further review.  His conviction is thus AFFIRMED.