**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**June 4, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-20060
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN ANTONIO LOPEZ-VASQUEZ, also known as Juan Antonio Lopez,
also known as Juan Antonio Lopez Vasquez, also known as
Orlando Calderon,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:05-CR-282
--------------------

Before DeMOSS, STEWART, and PRADO, Circuit Judges.

PER CURIAM:[*]

Juan Antonio Lopez-Vasquez appeals from his guilty plea
conviction and sentence for illegal reentry after deportation and
following a conviction for an aggravated felony in violation of
8 U.S.C. § 1326. Lopez-Vasquez contends that his conviction for
simple possession of a controlled substance should not have been
treated as an "aggravated felony" for purposes of the eight-level
enhancement under U.S.S.G. § 2L1.2(b)(1)(C). "Because [Lopez-
Vasquez] has completed the confinement portion of his sentence,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

any argument that the prison term should be reduced is moot and the only portion of the sentence remaining for consideration is the defendant's term of supervised release."  United States v. Rosenbaum-Alanis, __ F.3d __, No. 05-41400, 2007 WL 926832, at *1 (5th Cir. Mar. 29, 2007).  Counsel for Lopez-Vasquez indicates that Lopez-Vasquez presumably has been deported.  Because he "is legally unable, without permission of the Attorney General, to reenter the United States to be present for a resentencing proceeding as required by [Federal Rule of Criminal Procedure] 43, there is no relief we are able to grant him and his appeal is moot."  Id. at *2.

Lopez-Vasquez argues that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (2) are unconstitutional in light of Apprendi v. New Jersey, 530 U.S. 466 (2000).  His constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998).  Although Lopez-Vasquez contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi, we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding.  See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005).  Lopez-Vasquez properly concedes that his argument is foreclosed by Almendarez-Torres and circuit

precedent, but he raises it here solely to preserve it for further review.

Accordingly, Lopez-Vasquez's appeal of his sentence is DISMISSED AS MOOT and his conviction is AFFIRMED.