United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 25, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-41754
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

FABIAN CASTILLO-RAMIREZ

Defendant - Appellant

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:05-CR-1291-ALL
--------------------

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM:*

Fabian Castillo-Ramirez (Castillo) appeals his guilty-plea conviction and sentence for being found unlawfully in the United States following removal. Castillo argues that the district court misapplied the Sentencing Guidelines by characterizing his state felony conviction for possession of a controlled substance as an "aggravated felony" under U.S.S.G. § 2L1.2(b)(1)(C).

Because Castillo has completed the confinement portion of his sentence, any argument that the term of incarceration should be reduced is moot, and the only portion of the sentence

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

remaining for consideration is his term of supervised release. Castillo, however, has been removed from the United States. Because Castillo is barred from returning to the United States, and there is no indication that he has waived his right to be present for resentencing, Castillo's challenge to the validity of his sentence is moot. See United States v. Rosenbaum-Alanis, 483 F.3d 381, 2007 WL 926832 at *2 (5th Cir. 2007). Therefore, the appeal is DISMISSED as to Castillo's sentence.

For the first time on appeal, Castillo also challenges the constitutionality of 8 U.S.C. § 1326(b) in light of Apprendi v. New Jersey, 530 U.S. 466 (2000). Castillo's constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Castillo contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi, we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005). Castillo properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review. Accordingly, Castillo's conviction is AFFIRMED.