United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 10, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-40672
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CECILIO MENDOZA-TORRES,

Defendant-Appellant.

- - - - - - - - - - - - - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
No. 5:04-CR-20-ALL
- - - - - - - - - - - - - - - - - - - - -

**ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES**

Before SMITH, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

    This court previously affirmed the conviction and sentence

of Appellant Cecilio Mendoza-Torres ("Mendoza"). On December 11,

2006, the Supreme Court vacated that judgment and remanded the

---

[*]Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIRCUIT
RULE 47.5.4.

1

case for our reconsideration in light of its decision in <u>Lopez v. Gonzales</u>, 127 S. Ct. 625 (2006). On remand and following this court's decision in <u>United States v. Rosenbaum-Alanis</u>, 483 F.3d 381 (5th Cir. 2006), we hold that Mendoza's release from prison and presumed subsequent deportation render us incapable of granting him the relief he seeks. We therefore dismiss the appeal as moot.

On February 19, 2004, Mendoza pleaded guilty to the violation of 8 U.S.C. § 1326(b)(2), which forbids the re-entry of deported aliens whose removal was subsequent to a conviction for the commission of an aggravated felony. Because Mendoza was previously convicted of possession of cocaine, an aggravated felony under Texas law, the district court enhanced his sentence by eight levels pursuant to U.S.S.G. § 2L1.2. Mendoza was sentenced to three years imprisonment and three years of supervised release.

Mendoza appealed to this court, contending that the district court's application of the Sentencing Guidelines was in error and challenging the constitutionality of 8 U.S.C. § 1326(b). Our precedent foreclosed both claims, and we affirmed the district court's decision on August 15, 2005. <u>See</u> <u>United States v. Mendoza-Torres</u>, 145 Fed. Appx. 888 (5th Cir. 2005). The United States Supreme Court granted certiorari and, in light of its recent opinion in <u>Lopez</u>, remanded the case to this court for

reconsideration.

In Lopez, the Supreme Court ruled that a state felony conviction for mere possession of a controlled substance does not amount to an aggravated felony under 8 U.S.C. § 1101(a)(43)(B), and therefore does not qualify for sentence enhancement under U.S.S.G. § 2L1.2. 127 S. Ct. at 629-33. As a result of this decision, the government concedes that Mendoza's enhanced sentence was miscalculated. Nevertheless, the government maintains that this appeal is moot because our precedent will not permit this court to grant Mendoza any relief by way of re-sentencing.

Mendoza served his three-year term of imprisonment and was released July 31, 2006. He is still subject to the three-year supervised release component of his sentence until approximately July 31, 2009. On remand, Mendoza requests that this court vacate his sentence and remand to the district court for resentencing. We agree with both parties that, under the Supreme Court's holding in Lopez, Mendoza's sentence was miscalculated. This court's recent decision in Rosenbaum, however, dictates that Mendoza's presumed deportation renders us unable to grant Mendoza relief.

The facts in Rosenbaum are notably similar to those in the case at bar. Like Mendoza, Rosenbaum had a prior conviction for simple possession of a controlled substance and his sentence was

3

enhanced under U.S.S.G. § 2L1.2. Rosenbaum, 483 F.3d at 382. Rosenbaum served the full term of his imprisonment and was subsequently deported, though he was subject to a supervised release component at the time of his appeal. Id. at 383. The Rosenbaum court concluded that under Rule 43 of the Federal Rules of Criminal Procedure, re-sentencing requires that a defendant be present and have the opportunity to allocute. Id. Thus Rosenbaum's deportation and inability to reenter the country legally made his re-sentencing impossible, and Rosenbaum's appeal was ruled moot and dismissed. Id.

Mendoza argues that this court's decision in United States v. Lares-Meraz, 452 F.3d 352 (5th Cir. 2006), dictates a different result. In Rosenbaum, however, we distinguished Rosenbaum's appeal from that presented in Lares. 483 F.3d at 383. We explained that Lares did not seek re-sentencing because he conceded that any sentencing error was harmless; thus he sought no relief that the court could not grant. Id. As in Rosenbaum, Mendoza is seeking relief by way of re-sentencing. Accordingly, Mendoza's case is distinguishable from Lares, and Rosenbaum controls this appeal.

Mendoza further argues that Rosenbaum conflicts with the Supreme Court's decisions in United States v. Campos-Serrano, 404 U.S. 293 (1971), and Church of Scientology of California v. United States, 506 U.S. 9 (1992). Rosenbaum was made in the face

4

of both decisions and is controlling in this circuit. This court may not overrule the judgment of another panel, absent an _en_ _banc_ or intervening Supreme Court decision. <u>Foster v. Quarterman</u>, 466 F.3d. 359, 367-68 (5th Cir. 2006).

Finally, Mendoza maintains that he may waive his presence at the re-sentencing hearing and allow this proceeding to move forward _in_ _absentia_. As we explained in <u>Rosenbaum</u>, this argument is not compelling, because no such waiver has been presented to the court and the possibility of a future waiver is speculative. See <u>Rosenbaum</u>, 483 F.3d at 383.

We therefore DISMISS Mendoza's appeal.

DISMISSED.