United States Court of Appeals

Fifth Circuit

**F I L E D**

**July 10, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-50727
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

RAMON REBOLLAR-MEDINA, also known as Sergio Garcia-Aguilar,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:05-CR-2723-ALL
--------------------

Before DeMOSS, STEWART and PRADO, Circuit Judges.

PER CURIAM:[*]

    Ramon Rebollar-Medina (Rebollar) appeals his conviction and

sentence for illegal reentry following deportation.  Rebollar

argues that the district court erred in characterizing his state

conviction for transporting cocaine as an aggravated felony under

U.S.S.G. § 2L1.2, but he states that his argument is moot in

light of his release from imprisonment.  He also challenges the

constitutionality of 8 U.S.C. § 1326(b)'s treatment of prior

felony and aggravated felony convictions as sentencing factors

rather than elements of the offense that must be found by a jury

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

in light of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), but acknowledges that this argument is foreclosed in light of <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 235 (1998).

The Government has filed a motion for summary affirmance, arguing that Rebollar's appeal is moot and foreclosed. Both parties have informed this court that Rebollar has been released from prison and has been deported.

In <u>United States v. Rosenbaum-Alanis</u>, ___ F.3d ___, No. 05-41400, 2007 WL 926832, *1-2 (5th Cir. 2007), we held that an appellant's challenge to the characterization of a state offense as an aggravated felony under § 2L1.2 was moot when the appellant had completed his term of imprisonment and had been deported. Accordingly, Rebollar's argument in this regard is moot. <u>See</u> <u>Rosenbaum-Alanis</u>, 2007 WL 926832 at *2. As such, the Government's motion is denied in part, and Rebollar's appeal is dismissed in part as moot.

Additionally, Rebollar's challenge to § 1326(b) is foreclosed in light of <u>Almendarez-Torres</u>. The Government's motion for summary affirmance is granted in part, and the judgment of the district court is affirmed in part.

MOTION GRANTED IN PART and DENIED IN PART; APPEAL DISMISSED IN PART; JUDGMENT AFFIRMED IN PART.