United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 16, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-40897
Summary Calendar
_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

SANDRA ARREOLA-HERNANDEZ,

                              Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:06-CR-36-ALL
---------------------

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM:[*]

     Sandra Arreola-Hernandez appeals her guilty-plea conviction

and sentence for illegal reentry following deportation in

violation of 8 U.S.C. § 1326.  Arreola-Hernandez argues that the

district court misapplied the Sentencing Guidelines by

characterizing her state felony conviction for possession of a

controlled substance as an "aggravated felony" under U.S.S.G.

§ 2L1.2(b)(1)(C).

     Because Arreola-Hernandez has completed the confinement

portion of her sentence, any argument that the term of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

incarceration should be reduced is moot, and the only portion of the sentence remaining for consideration is her term of supervised release. However, Arreola-Hernandez has been removed from the United States. Because Arreola-Hernandez is barred from returning to the United States, and there is no indication that she has waived her right to be present for resentencing, Arreola-Hernandez's challenge to the validity of her sentence is moot. See United States v. Rosenbaum-Alanis, 483 F.3d 381, 383 (5th Cir. 2007). The appeal is therefore DISMISSED as to Arreola-Hernandez's sentence.

For the first time on appeal, Arreola-Hernandez also challenges the constitutionality of 8 U.S.C. § 1326(b) in light of Apprendi v. New Jersey, 530 U.S. 466 (2000). Arreola-Hernandez's constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Arreola-Hernandez contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi, we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005). Arreola-Hernandez properly concedes that her argument is foreclosed in light of Almendarez-Torres and circuit precedent, but she raises it here to preserve it for further review. Accordingly, Arreola-Hernandez's conviction is

AFFIRMED; MOTION TO FILE SUPPLEMENTAL BRIEF DENIED AS

UNNECESSARY.