# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 06-50295
Conference Calendar

**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**September 21, 2007**

Charles R. Fulbruge III
Clerk

UNITED STATES OF AMERICA,

 Plaintiff-Appellee,

v.

ALFREDO SANDOVAL-VALLEJO,
Also Known as Alfredo Vallejo, Also Known as Alfredo Galindo,

 Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas
No. 3:05-CR-2018-ALL

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before JONES, Chief Judge, SMITH and STEWART, Circuit Judges.

PER CURIAM:[*]

 This court affirmed the sentence of Alfredo Sandoval-Vallejo. The Su-

---

 [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

preme Court vacated and remanded for further consideration in light of Lopez v. Gonzales, 127 S. Ct. 625 (2006). Sandoval-Vallejo challenges the district court's increase in his term of imprisonment based on its determination that his conviction of cocaine possession constituted an aggravated felony for purposes of U.S.S.G. § 2L1.2(b)(1)(C). Although Sandoval-Vallejo has been released from prison, his case is not moot, because he is serving his supervised release term and is present in the United States. Cf. United States v. Rosenbaum-Alanis, 483 F.3d 381, 382-83 (5th Cir. 2006).

Under Lopez, the district court committed plain error. See Lopez, 127 S. Ct. at 633; United States v. Villegas, 404 F.3d 355, 364 (5th Cir. 2005). Because Sandoval-Vallejo has shown that there is a reasonable probability that he would have received a lesser sentence if not for misapplication of the guidelines, the plain error affected his substantial rights and seriously affected the fairness of the proceeding. See Villegas, 404 F.3d at 364-65.

Accordingly, the conviction is AFFIRMED, and the sentence is VACATED and REMANDED for resentencing. On remand, Sandoval may seek a modification of his term of supervised release pursuant to 18 U.S.C. § 3583(e)(2).