# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 15, 2010

No. 08-50922

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

DARIO BLANCO-LOPEZ,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:08-cr-01445-KC-ALL

Before STEWART, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Dario Blanco-Lopez ("Blanco") pleaded guilty to unlawful reentry by an undocumented alien, in violation of 8 U.S.C. § 1326, and was sentenced to 28 months of imprisonment and three years of supervised release. He appeals, arguing that the district court erred in calculating his Sentencing Guidelines sentencing range because it relied upon an uncounseled conviction in enhancing his criminal history category score, and that his sentence was unreasonable. The court has recently been informed by both parties that subsequent to his appeal,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 08-50922

Blanco was released from prison and deported. Per *United States v. Rosenbaum-Alanis*, these developments make this case moot. 483 F.3d 381 (5th Cir. 2007). Because Blanco "has completed the confinement portion of his sentence, any argument that the prison term should be reduced is moot." *Id.* at 382. "[T]he only portion of the sentence remaining for consideration is the defendant's term of supervised release." *Id.* However, in *Rosenbaum* we held that "[i]n order to resentence the defendant to correct any error in the defendant's term of supervised release [the Federal Rules of Criminal Procedure] require[] the defendant to be present and have the opportunity to allocute." *Id.* Therefore, *Rosenbaum* explained, "Because the defendant has been deported . . . and is legally unable, without permission of the Attorney General, to reenter the United States to be present for a resentencing proceeding . . . there is no relief we are able to grant him" and thus any challenge to his term of supervised release is also moot. *Id.* at 838. Accordingly, the appeal is DISMISSED.