# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 23, 2011

No. 08-10341

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

CLARENCE BOSTON, also known as Tim,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:92-CR-141-12

Before GARWOOD, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Clarence Boston appeals from the district court's decision to deny his motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) for his conviction of possession with intent to distribute cocaine base. He argues the district court failed to take into account the Section 3553(a) sentencing factors and the reduced sentence for his crime provided in amendments to the Sentencing Guidelines. Because Boston was released from federal custody before this case was decided, we DISMISS his appeal as moot.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 08-10341

We must address, *sua sponte*, whether Boston's release from prison in December 2009 renders his case moot and strips this court of jurisdiction. "This Court must examine the basis of its jurisdiction, on its own motion, if necessary." *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987) (citation omitted). Federal courts have subject matter jurisdiction only over "ongoing cases or controversies." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990) (citing U.S. Const. art. III, § 2). A suit "must be dismissed for want of jurisdiction if the controversy ceases to exist at some point in the litigation." *Dailey v. Vought Aircraft Co.*, 141 F.3d 224, 227 (5th Cir. 1998). A case becomes moot when the plaintiff ceases to have a personal interest in the outcome of the suit. *See id.* Jurisdictional issues are reviewed *de novo. Ramirez-Molina v. Ziglar*, 436 F.3d 508, 513 (5th Cir. 2006).

We find two relevant decisions from this circuit. In one, an appellant challenged his sentence as having violated his constitutional rights. *See United States v. Lares-Meraz*, 452 F.3d 352, 353 (5th Cir. 2006) (per curiam). Before we ruled on the appeal, Lares-Meraz was released from custody and, while serving a term of supervised release, was deported. *Id.* at 354. The court found that Lares-Meraz remained subject to supervised release. *Id.* at 355. District courts have authority in some circumstances to modify supervised release, and the showing of error in the initial sentencing might have led to relief. *Id.* Nonetheless, Lares-Meraz conceded that the effect of the alleged error no longer caused him any harm because he was required by terms of his supervised release not to re-enter the United States. *Id.* at 356. The panel held both that the case was not moot, and also that no harm from the asserted error was claimed. *Id.* at 355-56. Due to the absence of the claim of harm, the sentence was affirmed. *Id.* at 356.

A case decided in the aftermath of *Lares-Meraz* reached a different result as to mootness. *United States v. Rosenbaum-Alanis*, 483 F.3d 381 (5th Cir.

2

No. 08-10341

2007). The challenge there was to the sentence imposed for being in the United States illegally after a felony conviction. *Id*. at 382. After he filed his appeal, but before it was decided, Rosenbaum-Alanis completed his sentence, began his term of supervised release, and was deported. *Id*. at 383. The court held the appeal to be moot. *Id*. The panel found *Lares-Meraz* did not control the case: "the defendant in *Lares-Meraz* did not seek any relief that the court could not grant" because he "conced[ed] that any error which formed the basis for his appeal was harmless and present[ed] no argument that militated against affirming the sentence . . . ." *Id*. Rosenbaum-Alanis, however, was "legally unable" to return for resentencing, a fact that mooted the case because a defendant had to be present in court in order to be resentenced. *Id*.

Though the emphasis in each opinion is different, the central point is clear. If the only relief sought by an appellant cannot be granted, the case is moot. Neither Boston's motion to the district court nor his appeal raise a challenge to his term of supervised release. The statute Boston cites to dispute his sentence only provides for the modification of a term of imprisonment, not supervised release. *See* 18 U.S.C. § 3582(c)(2).

Boston is not without a remedy, though. A different statute permits a motion to be filed by a current or former prisoner seeking a modification to a term of supervised release. *See* 18 U.S.C. § 3583(e)(1); *United States v. Jeanes*, 150 F.3d 483, 484 (5th Cir. 1998). On a former prisoner's motion, a court may terminate a term of supervised release after one year of supervised release if the "interest of justice" and the defendant's conduct warrant it. *See* 18 U.S.C. § 3583(e)(1). The procedure to follow is "pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation," which is Rule 32.1. *Id*. Boston has not filed such a motion or even discussed the statute.

The commentary to the Sentencing Guidelines section on which Boston relies refers to the possibility of a reduction in supervised release when a former

3

No. 08-10341

prisoner has filed a Section 3583 motion. *See* U.S. Sentencing Guidelines Manual § 1B1.10 cmt. n.4(B). The commentary states that even though a district court may not reduce a sentence below time already served in response to a Section 3582 motion, the court may take the fact that "a defendant may have served a longer term of imprisonment than the court determines would have been appropriate in view of the amended guidelines range" into account when considering "any motion for early termination of a term of supervised release under 18 U.S.C. § 3583(e)(1)." *Id.*

When a district court makes a decision on a Section 3583(e)(1) motion, it can consider "the fact that a defendant served time under a wrongful conviction and sentence." *Jeanes*, 150 F.3d at 485. This contemplates a defendant filing a Section 3583 motion with the sentencing court and demonstrating why he deserves a reduction in his term of supervised release before the court can alter the term.

Boston has not taken any action to address his term of supervised release, as he has filed a motion solely to reduce his term of incarceration under the terms of Section 3582. It is no longer in our power to grant the relief he seeks. Our decision does not affect Boston's right to file in the district court a motion pursuant to Section 3583(e)(1) regarding supervised release. *See* 18 U.S.C. § 3583(e)(1).

The appeal is DISMISSED AS MOOT.

4