**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 27, 2011

Lyle W. Cayce
Clerk

No. 10-40690
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

HECTOR RIVERA-RIVERA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:10-CR-123-1

Before REAVLEY, SMITH and PRADO, Circuit Judges.

PER CURIAM:[*]

Hector Rivera-Rivera was convicted of illegal reentry and was sentenced to 21 months of imprisonment and two years of supervised release. Rivera-Rivera now appeals, asserting that the written judgment contains a special condition of supervised release that was not orally pronounced by the district court at sentencing and arguing that this court should remand his case to the district court with an order to conform the written judgment to the oral pronouncement. The written special condition which he seeks to have stricken

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

provides, "Within 72 hours of being placed on supervised release or upon completion of the custody sentence, the defendant shall surrender to a duly authorized immigration official."

We are required to raise the issue of jurisdiction sua sponte, if necessary. *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987); *see also Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987) (holding that mootness must be raised sua sponte). This case fails to satisfy the case-or-controversy requirement because there is no concrete and continuing injury to the appellant. *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998). On July 29, 2011, Rivera-Rivera was released from the custody of the Bureau of Prisons, commenced his term of supervised release, and was removed from the United States. The triggering time of the requirement that Rivera-Rivera surrender to immigration officials, i.e., 72 hours from his release from custody or his placement on supervised release, has already transpired. Therefore, any argument relating to this special condition is moot. *See United States v. Rosenbaum-Alanis*, 483 F.3d 381, 382-83 (5th Cir. 2007). The appeal is DISMISSED for lack of jurisdiction.