## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 14, 2011

No. 09-51153

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

LORENZO ROMAN ESPINOZA,

Defendant–Appellant.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:08-CR-2673-1

Before SMITH, PRADO, and ELROD, Circuit Judges.

EDWARD C. PRADO, Circuit Judge:[*]

Lorenzo Roman Espinoza ("Espinoza") pleaded guilty to one count of unlawfully reentering the United States after a removal, in violation of 8 U.S.C. § 1326. The district court sentenced Espinoza to 36 months of imprisonment and three years of non-reporting supervised release. In calculating the guideline range of imprisonment, the district court applied a 16-level sentencing enhancement for a crime of violence pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii) after finding that Espinoza's prior felony conviction of sexual battery under

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-51153

California's sexual battery statute, Cal. Penal Code § 243.4(a), constituted a crime of violence. On appeal, Espinoza argues that the district court erred when it applied the 16-level sentencing enhancement for his prior sexual battery conviction because the offense is not a crime of violence. As for relief, Espinoza requests that the court "reverse and vacate" his sentence.

Espinoza's appeal is moot because he requests relief that we cannot grant. The parties have informed the court that in May 2011, subsequent to filing his appeal, Espinoza was released from prison and deported. Therefore, "the only portion of the sentence remaining for consideration is the defendant's term of supervised release." *See United States v. Rosenbaum-Alanis*, 483 F.3d 381, 382 (5th Cir. 2007). Under *Rosenbaum-Alanis*, however, "[i]n order to resentence the defendant to correct any error in the defendant's term of supervised release," the Federal Rules of Criminal Procedure require "the defendant to be present and have the opportunity to allocute." *Id.* "Because the defendant has been deported . . . and is legally unable, without permission of the Attorney General, to reenter the United States to be present for a resentencing proceeding . . . , there is no relief we are able to grant him and his appeal is moot." *Id.* at 383. Any argument that he may waive his presence at the resentencing hearing and allow this proceeding to move forward *in absentia* is unavailing, as no such waiver has been presented to this court. Accordingly, the appeal is DISMISSED.