HAYNES, Circuit Judge,
specially concurring:
I concur in the determination that Mack-eil is not entitled to relief. However, I disagree with the approach taken by the majority opinion. I would find the relief sought as to Mackeil’s sentence of imprisonment moot; he sought no other relief which would, in any event, be considered abandoned by failure to brief it. Thus, I would dismiss the appeal as moot.
Mackeil’s appeal is premised on a claim that the Government breached the plea agreement. “If the Government breaches a plea agreement, the defendant may seek one of two remedies: specific performance, requiring resentencing before a different judge; or withdrawal of his guilty plea.” United States v. Harper, 643 F.3d 135, 139 (5th Cir.2011). Nowhere in his brief did Mackeil seek a withdrawal of his plea. Instead, he sought a resentencing. Here, the sentence consisted of a term of imprisonment and a term of supervised release. Mackeil has been released from prison and is currently serving his supervised release term. His challenge to his sentence of imprisonment is therefore moot. United States v. Rosenbaum-Alanis, 483 F.3d 381, 382 (5th Cir.2007). Although a challenge to his term of supervised release would not be moot, nowhere in his brief does he make such a challenge. If he was intending to do so, then I conclude such a challenge is abandoned for failure to brief it. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir.1993). Accordingly, I would not reach the merits of his breach of plea agreement argument; I would dismiss as moot, since the only relief he seeks has become moot by passage of time.[1]

. I cannot understand why Mackeil did not seek to expedite his appeal. At the time the Government’s brief was filed, Mackeil was only five days away from being released; thus, by the time this case came to our panel, Mackeil had already been released from prison.