# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-10846

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

DAVID HEREDIA-HOLGUIN,

Defendant - Appellant

United States Court of Appeals
Fifth Circuit

**FILED**

June 16, 2015

Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Northern District of Texas

Before REAVLEY, OWEN, and HIGGINSON, Circuit Judges.

STEPHEN A. HIGGINSON, Circuit Judge:

David Heredia-Holguin pleaded guilty to illegal reentry following a previous deportation. The district court sentenced him to twelve months of imprisonment, followed by a three-year term of supervised release. Since filing this appeal, Heredia-Holguin has completed his term of imprisonment, been released from custody, and been removed to Mexico. As explained below, we dismiss the appeal and deny Heredia-Holguin's request to vacate his remaining term of supervised release.

## FACTS AND PROCEEDINGS

In 2005, Heredia-Holguin lost his status as a lawful permanent resident of the United States and was removed from the country to Mexico. In

No. 14-10846

September 2006, Heredia-Holguin returned to the United States without legal permission. Several years later, in August 2013, he was arrested on state and federal drug charges. After the drug charges were dismissed, Heredia-Holguin remained in federal custody and was charged with illegally reentering the country after deportation. He entered into a plea agreement and pled guilty.

The district court sentenced Heredia-Holguin to twelve months in prison, followed by a three-year term of supervised release. The district court explained that supervised release would "offer an additional potential sanction against the defendant should he subsequently be deported and then try to unlawfully come back into this country." Heredia-Holguin did not object in the district court to his sentence or the conditions of supervised release. Instead, he filed a notice of appeal from the judgment of conviction and sentence. But while his appeal was pending, and before he filed his initial brief in the Fifth Circuit, Heredia-Holguin was released from prison and deported, having completed his one-year prison sentence. His three-year term of supervised release nevertheless remains in effect.

Following his deportation, Heredia-Holguin's counsel filed an initial brief conceding that Heredia-Holguin's deportation rendered this appeal moot. He also filed a motion to vacate the district court's sentence or the term of supervised release. In response, the Government filed an unopposed motion to dismiss the appeal as moot.

In response to these filings, this court ordered supplemental briefing on three issues: (1) what error, if any, Heredia-Holguin complains of on appeal; (2) whether the appeal has become moot under *United States v. Rosenbaum-Alanis*, 483 F.3d 381 (5th Cir. 2007), *United States v. Lares-Meraz*, 452 F.3d 352 (5th Cir. 2006) (per curiam), and Federal Rule of Criminal Procedure 43; and (3) if the appeal is moot, whether the court should vacate Heredia-Holguin's conviction, sentence, or term of supervised release under the doctrine

2

No. 14-10846

of equitable vacatur. Having received and reviewed the parties' supplemental briefs, we now dismiss the appeal and deny Heredia-Holguin's request to vacate his remaining term of supervised release.

## DISCUSSION

Two Fifth Circuit decisions address the question of whether deportation moots a sentencing appeal. These decisions, however, arrived at opposite conclusions. First, in *United States v. Lares-Meraz*, this Court held that deportation did *not* moot a sentencing appeal. 452 F.3d at 355. In that case, the defendant similarly appealed his sentence of one year of imprisonment and three years of supervised release. *Id.* at 353. Also like Heredia-Holguin, the defendant completed his prison term during the pendency of the appeal and was released and deported to Mexico. *Id.* The three-year term of supervised release—which also "require[d] that he not reenter the United States illegally"—still remained in effect. *Id.* at 356. The court concluded that the sentencing appeal was not moot "because [the defendant] remain[ed] subject to a term of supervised release, an element of the overall sentence." *Id.* at 355. Only after reaching this conclusion did the court go on to observe that the alleged sentencing error, "while harmful in theory because it affected [the defendant's] substantial rights at the time, [was] an error that [was], practically speaking, harmless . . . as a result of deportation." *Id.* at 356 & n.3. As a result, the court affirmed the sentence. *Id.* at 356.

The next year, in *United States v. Rosenbaum-Alanis*, we reached the opposite conclusion on mootness. 483 F.3d at 383. There, the defendant had been sentenced, based on an erroneous enhancement, to eighteen months of imprisonment, followed by a three-year term of supervised release. *See id.* at 382. The defendant appealed his sentence. Again, while his appeal was pending, the defendant completed the confinement portion of his sentence and was released and deported. *Id.* at 383. This time, however, the court concluded

3

that it could grant no relief: "Because the defendant has been deported . . . and is legally unable, without permission of the Attorney General, to reenter the United States to be present for a resentencing proceeding as required by [Federal Rule of Criminal Procedure] 43, there is no relief we are able to grant him and his appeal is moot." *Id.*

*Rosenbaum-Alanis* then went on to explicitly discuss and distinguish *Lares-Meraz*: "The panel [in *Lares-Meraz*] was not faced with the prospect of resentencing the defendant because defense counsel conceded that any sentencing error was harmless." *Id.* The court therefore concluded that *Lares-Meraz* did not control in *Rosenbaum-Alanis*:

> By conceding that any error which formed the basis for his appeal was harmless and presenting no argument that militated against affirming the sentence, the defendant in *Lares-Meraz* did not seek any relief that the court could not grant. By contrast, in [*Rosenbaum-Alanis*], the defendant, who is barred from entering the United States, and who therefore cannot be resentenced, requests relief which we are unable to grant.

*Id.* Finally, the court rejected the defendant's argument that remand was appropriate because there was a possibility that the defendant's presence at resentencing could be waived. *Id.* The court emphasized that no waiver was apparent in the record on appeal and that the possibility of a waiver in the future was speculative. *Id.* The court therefore dismissed the appeal as moot. *Id.*

It is unclear which case—*Lares-Meraz* or *Rosenbaum-Alanis*—controls Heredia-Holguin's appeal. On the one hand, *Lares-Meraz* may control because, like the defendant in that case, Heredia-Holguin still faces a term of supervised release, which is an element of his overall sentence. *See* 452 F.3d at 355. *Rosenbaum-Alanis*, on the other hand, may control because resentencing might be required to correct any of the alleged errors related to Heredia-

No. 14-10846

Holguin's remaining term of supervised release.[1] *See* 483 F.3d at 382–83. Nevertheless, as he emphasized in his supplemental briefing, Heredia-Holguin is not pursuing his sentencing appeal and requests only that we vacate the remaining term of his supervised release. We therefore need not resolve the inconsistencies we perceive in *Lares-Meraz* and *Rosenbaum-Alanis*.[2]

Next, assuming this appeal is moot, we deny Heredia-Holguin's request to vacate his remaining term of supervised release. The Supreme Court has instructed that "[v]acatur is in order when mootness occurs through happenstance—circumstances not attributable to the parties—or . . . the 'unilateral action of the party who prevailed in the lower court.'" *Arizonans for Official English v. Arizona*, 520 U.S. 43, 71–72 (1997) (quoting *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 23 (1994)). The Supreme Court has abandoned its former rule of "automatic" vacatur for cases that become moot on appeal. *See U.S. Bancorp Mortg. Co.*, 513 U.S. at 23–25; *Fleming & Assocs. v. Newby & Tittle*, 529 F.3d 631, 638 n.3 (5th Cir. 2008). Now, "[u]nder current law, the appropriateness of equitable vacatur is determined by weighing the equities on a case-by-case basis." *Fleming & Assocs.*, 529 F.3d at 638 n.3; *see also Staley v. Harris Cnty., Tex.*, 485 F.3d 305, 310 (5th Cir. 2007) (en banc) ("[V]acatur is to be determined on a case-by-case basis, governed by facts and not inflexible rules."). Here, the burden is on Heredia-Holguin to

---

[1] We note, however, that a defendant does not have to be present to seek modification of his term of supervised release under 18 U.S.C. § 3583(e). *See United States v. Franco-Munoz*, 241 F. App'x 182, 182–83 (5th Cir. 2007) (per curiam); *United States v. Argueta-Hernandez*, 225 F. App'x 336 (5th Cir. 2007) (per curiam); *United States v. Ayala-Flores*, 225 F. App'x 333, 334 (5th Cir. 2007) (per curiam); *see also* Fed. R. Crim. P. 32.1(c)(2)(B), (C).

[2] Because the harmless-error analysis did not inform the court's mootness conclusion in *Lares-Meraz*, *see* 452 F.3d at 355–56, we have difficulty seeing the distinction that our court tried to draw in *Rosenbaum-Alanis* when it concluded that *Lares-Meraz* did not control, *see Rosenbaum-Alanis*, 483 F.3d at 383; *cf. United States v. Jurado-Lara*, 287 F. App'x 704, 707 (10th Cir. 2008) (declining to adopt the "blanket rule" from *Rosenbaum-Alanis*); *United States v. Blackburn*, 461 F.3d 259, 267 n.3 (2d Cir. 2006) (citing *Lares-Meraz* favorably on the issue of mootness).

No. 14-10846

demonstrate that vacatur is appropriate. *Staley*, 485 F.3d at 310. He has not met that burden.[3]

Heredia-Holguin's deportation was foreseen and cannot be attributed to happenstance or the unilateral action of the Government. Deportation was the natural consequence of Heredia-Holguin's reentering the country illegally after his previous deportation. Indeed, in entering into the plea agreement, Heredia-Holguin recognized that he was pleading guilty to a removable offense and that removal was "presumptively mandatory." He nevertheless affirmed that he wanted to plead guilty, regardless of the immigration consequences.

In considering whether equitable vacatur is appropriate, this court also considers the public interest, including "whether vacatur might be abused by the losing party to advance a legal position rejected by the lower court." *Id.* (citing *U.S. Bancorp Mortg. Co.*, 513 U.S. at 26–27). Here, the district court imposed the term of supervised release to deter Heredia-Holguin from illegally returning to the United States. *See United States v. Dominguez-Alvarado*, 695 F.3d 324, 329 (5th Cir. 2012) (interpreting § 5D1.1 of the sentencing guidelines as leaving district courts discretion to impose supervised release in cases "where added deterrence and protection are needed"); *see also* U.S.S.G. § 5D1.1 cmt. n.5 ("The court should . . . consider imposing a term of supervised release on . . . a [deportable alien] defendant if the court determines it would provide an added measure of deterrence and protection based on the facts and circumstances of a particular case."). Significantly, the district court imposed supervised release despite the PSR's observation that courts ordinarily should not impose supervision when a defendant is deportable and also despite

---

[3] Because Heredia-Holguin has not met this burden, we save for another day the task of addressing the Government's argument that equitable vacatur is a civil doctrine that is not available in a criminal case as a matter of law. We need not resolve this issue because, even if the remedy is available in a criminal case, the equities do not support vacating Heredia-Holguin's supervised release in this case.

Heredia-Holguin's request not to impose supervision. Moreover, in light of the ongoing deterrent effect of the term of supervised release, *see United States v. Brown*, 54 F.3d 234, 237–39 (5th Cir. 1995); U.S.S.G. § 4A1.1(d) (noting that two points are added to a defendant's criminal history score if he commits a crime while still serving a term of supervised release), as well as Heredia-Holguin's failure to object to the imposition of supervised release in the district court in the first instance, we decline to exercise our equitable discretion to vacate Heredia-Holguin's term of supervised release.

## CONCLUSION

For the reasons stated above, we DISMISS this appeal without prejudice to Heredia-Holguin's right to seek a modification of his term of supervised release, and DENY Heredia-Holguin's request to vacate his remaining term of supervised release.