# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

────────

No. 12-50879
Summary Calendar

────────

United States Court of Appeals
Fifth Circuit

**FILED**

July 14, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

YUVIEL TAVERA-JAIMES, also known as Juviel Tavera,

Defendant-Appellant

────────────

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:12-CR-60-1

────────────

Before REAVLEY, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Yuviel Tavera-Jaimes pleaded guilty to illegal reentry after deportation in violation of 8 U.S.C. § 1326 and was sentenced to 24 months of imprisonment and three years of supervised release. Tavera-Jaimes argues that the district court erred in denying his motion to dismiss the indictment without an evidentiary hearing. He argues the merits of his motion to dismiss based on *United States v. Mendoza-Lopez,* 481 U.S. 828 (1987), which allows a defendant

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to collaterally challenge the use of a deportation order in a prosecution under § 1326.  He notes that the district court denied his motion to dismiss the indictment as being untimely.  However, the district court did not address the merits of his arguments challenging the deportation order, and Tavera-Jaimes makes no argument challenging the district court's determination that his motion was untimely.

"Failure of an appellant to properly argue or present issues in an appellate brief renders those issues abandoned." *United States v. Beaumont,* 972 F.2d 553, 563 (5th Cir. 1992); FED. R. APP. P. 28(a)(8).  When an appellant fails to identify any error in the district court's analysis, it is the same as if the appellant had not appealed that issue.  *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).  Therefore, we do not address this point of error because it has not been briefed properly to address the basis of the district court's ruling.  *See United States v. Rivas*, 99 F.3d 170, 176 (5th Cir. 1996).  The appeal as it relates to the conviction is DISMISSED AS FRIVOLOUS.  *See* 5TH CIR. R. 42.2.

Tavera-Jaimes argues that the district court erred in overruling his objection to the 16-point increase to his base offense level under U.S.S.G. § 2L1.2 based on his prior conviction for unlawful restraint.  Tavera-Jaimes has completed the 24-month sentence imposed by the district court and was removed from the United States on February 26, 2014.  Accordingly, any appeal from his sentence is moot.  *See United States v. Rosenbaum-Alanis*, 483 F.3d 381, 383 (5th Cir. 2007).  The appeal as it relates to his sentence is DISMISSED AS MOOT.