# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-50970
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 21, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DAVID JESUS LOPEZ-BRIONES; JUAN SOLANO,

Defendants-Appellants

Appeals from the United States District Court
for the Western District of Texas
USDC No. 2:13-CR-1060

Before KING, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

David Jesus Lopez-Briones (Lopez) appeals his jury trial convictions and concurrent one-year sentences for escaping from custody and for aiding and assisting escape from custody. *See* 18 U.S.C. §§ 751(a), 752(a). The convictions followed the district court's denial of Lopez's motion to dismiss the superseding information. Juan Solano appeals the one-year sentence imposed on his jury

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

trial conviction for aiding and assisting escape from custody.  *See* § 752(a).
We affirm the judgment against Lopez and dismiss Solano's appeal as moot.

Addressing it de novo, we reject the claim that Lopez's rights under the
Compulsory Process Clause of the Sixth Amendment and under the Due
Process Clause were infringed when the Government removed potential
witnesses to Honduras after they swore out affidavits but before they could
testify concerning an incident on a bus that resulted in the charges against
Lopez; Lopez has not demonstrated the necessity of the affiants' testimony.
*See United States v. Tuma*, 738 F.3d 681, 688 (5th Cir. 2013).  "[T]o establish
reversible error when the government deports witnesses" before they can
testify, the defendant must make "a plausible showing that the testimony of
the deported witnesses would have been material and favorable to his defense,
in ways not merely cumulative to the testimony of available witnesses." *United
States v. Fischel*, 686 F.2d 1082, 1093 (5th Cir. 1982) (internal quotation marks
and citation omitted).

Assuming that the motion to dismiss properly presented the type of
stipulated facts required to show that the removed affiants' testimony would
have been material, favorable, and not cumulative, Lopez fails to show that it
is reasonably likely that the absence of the testimony "could have affected the
judgment of the trier of fact."  *United States v. Valenzuela-Bernal*, 458 U.S.
858, 873-74 (1982).  Nothing in the removed aliens' affidavits indicates that
the affiants would have affirmatively testified that Lopez did not attempt to
escape or to assist others in doing so.  The affidavits merely describe, or
attempt to describe, the physical appearance of certain persons the affiants
observed.  On the other hand, the cumulative testimony of three witnesses at
trial identified Lopez as having attempted to escape and assisted others in
attempting to escape through the hatch of the bus carrying Lopez, Solano, the

affiants, and others being removed to Honduras. A fourth witness at trial testified that Lopez admitted popping his head through the hatch of the bus. Given the foregoing, Lopez fails to show that it was reasonably probable that he would not have been convicted had the affiants testified. *See Valenzuela-Bernal*, 458 U.S. at 873-74.

We reject also the claim that the district court erred by excluding the aliens' affidavits. Lopez points to nothing in the record that shows that he requested the opportunity to proffer the affidavits. Nor does he cite authority that requires a district court sua sponte to receive documents into evidence.

Solano, who appeals his sentence only, has been released from prison, completed his term of supervised release, and been removed to Honduras. The appeal of Solano's sentence is moot because we are unable to grant relief; the custody sentence and the term of supervised release have been served, and Solano is unable to be present for resentencing. *See United States v. Rosenbaum-Alanis*, 483 F.3d 381, 383 (5th Cir. 2007).

The judgment against Lopez is AFFIRMED. Solano's appeal is DISMISSED AS MOOT.