# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 6, 2011

No. 10-40467
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANGELICA MARIE MONDRAGON,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
No. 1:10-CR-61-2

Before DAVIS, SMITH, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Angelica Mondragon pleaded guilty, pursuant to a written plea agreement,

to transporting an illegal alien within the United States for private financial

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-40467

gain. She argues that her sentence is unlawful because the district court did not follow the terms of her plea agreement, which she asserts required the court to grant a downward departure pursuant to U.S.S.G. § 5K3.1. Although Mondragon's challenge to the legality of her sentence may be barred by the appellate-waiver provision in the agreement, the government has failed to invoke the waiver with respect to this claim, so normally we would be able to review its merits. *See United States v. Story*, 439 F.3d 226, 231 (5th Cir. 2006).

Because Mondragon received a short sentence of only ten months, she has completed her term and thus has been released. Despite that she still must complete her three years' supervised release, this appeal is moot, as explained in No. 08-10341, *United States v. Boston*, 2011 U.S. App. LEXIS 6036, at *1-*4 (5th Cir. Mar. 23, 2011) (per curiam) (unpublished). Our obligation to examine possible mootness *sua sponte*, *see id*. at *1, leads us necessarily to dismiss the appeal for want of jurisdiction in light of its mootness.

If we were to examine the merits, we would affirm. Mondragon has failed to show––under any standard––that the refusal to grant a sentence reduction under § 5K3.1 was contrary to the terms of the plea agreement. Mondragon also contends the district court erred in assessing a two-level role adjustment pursuant to U.S.S.G. § 3B1.1(c) because, she says, the facts did not support that she occupied a leadership role. She further asserts that the court imposed a harsher sentence based on misleading facts in the presentence report and violated its obligations under Federal Rule of Criminal Procedure 32(i)(3)(B) by not inquiring into the accuracy of this erroneous information. These issues are barred by the appeal waiver provision in the plea agreement.

The appeal is DISMISSED as moot.